IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SIX CONTINENTS HOTELS, INC. and HOLIDAY HOSPITALITY FRANCHISING, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ASAM HOTELS INC., ASPEN HOTELS LLC, SIKANDAR A. MALIK, and SARAH MALIK,<br><br>Defendants. | §<br>§<br>§<br>§<br>§ CASE NO. 1:25-cv-02502-TWT<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**Joint Preliminary Report and Discovery Plan**

**1.    Description of Case:**

(a) Describe briefly the nature of this action.

Plaintiffs Six Continents Hotels, Inc. ("SCH") and Holiday Hospitality Franchising, LLC ("HHFL" or "Licensor") (referred to collectively as "IHG") brought this action against Defendants Asam Hotels Inc. ("Asam" or "Licensee"), Aspen Grand Hotels LLC ("Aspen"), Sikandar A. Malik, and Sarah Malik (the Maliks collectively referred to as "Guarantors") seeking injunctive relief and damages arising out of Defendants' unauthorized use of certain trademarks and other proprietary brand identifiers and breaches of the license agreement and guaranty

1

between the parties. Specifically, IHG alleges that it has suffered damages from Defendants' continued use of IHG's intellectual property after termination of the license agreement and prior failures to make royalty payments pursuant to the license agreement. IHG asserts claims under the Lanham Act and state law relating to trademark infringement, unfair competition, counterfeiting, and breach of contract.

Defendants deny liability on all of the claims IHG asserts in the Verified Complaint.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiffs**:

On December 15, 2022, Plaintiff Holiday Hospitality Franchising, LLC ("HHFL") entered into a License Agreement with Defendant Asam Hotels Inc. ("Asam") for the operation of a Holiday Inn Express® hotel located in La Porte, Texas. The License Agreement granted Asam a limited, non-exclusive right to use the HOLIDAY INN EXPRESS Marks (as the term is defined in Paragraph 12 of the Complaint) solely at the hotel and only for the duration of the agreement. The License Agreement, as amended, expired by its own terms on October 1, 2024. Upon expiration, Asam was contractually obligated to fully de-identify the hotel, including removal of all signage and proprietary brand elements associated with the Holiday Inn Express® System (as the term is defined in the License Agreement). Sikandar and Sarah Malik (the "Guarantors") each executed a Guaranty in connection with

the License Agreement, personally guaranteeing all of Asam's obligations under the License Agreement.

Asam failed to pay its financial obligations to IHG, which failures constituted breaches of the License Agreement. Furthermore, following expiration of the License Agreement by its own terms, Defendants failed to de-identify the hotel and continued to use the HOLIDAY INN EXPRESS Marks and other proprietary brand identifiers in the operation of the hotel. Defendants' conduct has infringed on IHG's intellectual property rights, violated Asam's obligations under the License Agreement, and has caused confusion and reputational damage to IHG's long-standing good will in those mark. The reputational damage is even more pronounced because guests have reported negative experiences at the hotel during the time period that Defendants have unlawfully used the HOLIDAY INN EXPRESS Marks following expiration of the License Agreement.

IHG asserts claims for trademark infringement, unfair competition, and counterfeiting under the Lanham Act, as well as claims for violations of the Georgia Deceptive Trade Practices Act, O.C.G.A. § 10-1-372 et seq. ("GUDTPA"), and common law unfair competition. IHG also asserts claims for breach of contract related to both the License Agreement and Guaranty. IHG seeks a permanent injunction, damages, and attorneys' fees.

**Defendants**:

On December 15, 2022, Plaintiff Holiday Hospitality Franchising, LLC ("HHFL") entered into a License Agreement with Defendant Asam Hotels Inc. ("Asam") for the operation of a Holiday Inn Express® hotel located in La Porte, Texas (the "Hotel"). The License Agreement granted Asam the right to use the HOLIDAY INN EXPRESS Marks at the Hotel during the term of the agreement. The License Agreement expired on October 1, 2024.

Upon expiration, Asam was obligated to de-identify the hotel, including removal of all signage and proprietary brand elements associated with the Holiday Inn Express® System. Sikandar and Sarah Malik executed personal guarantees of Asam's obligations under the License Agreement.

Asam denies that it owes Six Continents Hotels, Inc. or HHFL (collectively "IHG") under the license agreement, or otherwise, and contends that IHG incorrectly billed and overcharged Defendants.

Asam denies that it failed to promptly de-identify. IHG did not release the hotel to third parties for a period of five months. Due to uncertainty created by IHG, the hotel signs remained on. When IHG released the hotel, the signs were promptly removed. Anita Shamil, IHG's inspector, conducted the inspection of the Hotel.

Asam further denies any claim of negative guest experiences. IHG intentionally refused to release the Hotel to third party booking boards, including

Expedia and Booking.com, which caused Asam a major loss of revenue and reputation because guests were unable to books rooms during that time.

Asam denies that it has violated the license agreement and denies Plaintiff's entitlement to any relief. Asam intends to amend its answer by asserting counterclaims.

During the pendency of this action, Asam agreed to the terms of a proposed consent preliminary injunction.

(c) The legal issues to be tried are as follows:

**Plaintiffs**:

- Whether Defendants, following expiration of the License Agreement, have used the HOLIDAY INN EXPRESS Marks or other proprietary brand identifiers without authorization or consent.

- Whether Defendants' use of the HOLIDAY INN EXPRESS Marks or other proprietary brand identifiers after expiration of the License Agreement constitutes trademark infringement under 15 U.S.C. § 1114.

- Whether Defendants' use of the HOLIDAY INN EXPRESS Marks or other proprietary brand identifiers after expiration of the License Agreement constitutes false designation of origin and unfair competition under 15 U.S.C. § 1125(a).

- Whether Defendants' use of the HOLIDAY INN EXPRESS Marks or other proprietary brand identifiers constitutes trademark counterfeiting under the Lanham Act.

- Whether Defendants engaged in deceptive trade practices in violation of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-372 et seq.

- Whether Defendants engaged in common law unfair competition.

- Whether Defendant Asam breached the License Agreement by failing to de-identify the hotel following the agreement's expiration.

- Whether Defendant Asam breached the License Agreement by failing to pay its financial obligations to HHF.

- Whether the Guarantors breached the Guaranty by failing to ensure performance of all de-identification obligations under the License Agreement and/or by failing to pay Asam's financial obligations to HHF.

- Whether Plaintiffs are entitled to a permanent injunction under the Lanham Act and/or the GUDTPA.

- Whether Plaintiffs are entitled to recover damages, including actual damages, lost profits, or a reasonable royalty resulting from Defendants' infringing and unfair conduct under the Lanham Act.

- Whether IHG is entitled to enhanced damages or exemplary damages under the Lanham Act based on willful or bad-faith conduct.

- Whether IHG is entitled to recover its attorneys' fees and costs under the Lanham Act, the License Agreement, the Guaranty, and/or Georgia law.

Plaintiffs reserve all arguments and positions in response to the legal issues that Defendants identify below, including to the extent Defendants identify issues that do not relate to any claim or defense actually asserted in this action.

**Defendants**:

- Whether Plaintiffs engaged in deceptive and unfair trade practices in violation of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-372 et seq.

- Whether Plaintiffs engaged in common law unfair competition.

- Whether Defendants are entitled to recover damages, including actual damages and lost profits resulting from Plaintiffs unfair conduct.

- Whether Asam is entitled to enhanced damages or exemplary damages under the Lanham Act based on willful or bad-faith conduct.

- Whether Asam is entitled to recover its attorneys' fees and costs under the Lanham Act, the License Agreement, the Guaranty, or Georgia law.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

None.

(2) Previously Adjudicated Related Cases:

None.

**2.** This case is complex because it possesses one or more of the features listed below (please check):

\_\_\_\_\_(1) Unusually large number of parties
\_\_\_\_\_(2) Unusually large number of claims or defenses
\_\_\_\_\_(3) Factual issues are exceptionally complex
\_\_\_\_\_(4) Greater than normal volume of evidence
\_\_\_\_\_(5) Extended discovery period is needed
\_\_\_\_\_(6) Problems locating or preserving evidence
\_\_\_\_\_(7) Pending parallel investigations or action by government
\_\_\_\_\_(8) Multiple use of experts
\_\_\_\_\_(9) Need for discovery outside United States boundaries
\_\_\_\_\_(10) Existence of highly technical issues and proof
\_\_\_\_\_(11) Unusually complex discovery of electronically stored

None.

**3.    Counsel**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiffs:

Ronald T. Coleman, Jr.
Anne Horn Baroody
Bradley Arant Boult Cummings LLP
1230 Peachtree Street, Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 868-2100
rtcoleman@bradley.com
abaroody@bradley.com

Defendants:

Ian Edward Smith
Spire Law PLLC
2572 W State Rd 426
Suite 2088
Oviedo, FL 32765
Tel: 407-494-0135
ian@spirelawfirm.com

**4.  Jurisdiction**

Is there any question regarding this Court's jurisdiction?

_____Yes          ✓ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.  Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

None.

(b) The following persons are improperly joined as parties:

None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.  Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

**Plaintiffs:** Plaintiffs do not anticipate any amendments to the pleadings at this time. Plaintiffs reserve all rights and positions in response to any amended answer and counterclaims that Defendants may seek to file, including without limitation based on Defendants' delay in asserting counterclaims that were known to Defendants at the time of the initial answer.

**Defendants:** Asam intends to amend the Answer with counterclaims concerning Plaintiffs' alleged unfair trade practices and other claims.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.  Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

No objections. The parties have consented to exchange Initial Disclosures on August 13, 2025.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

No scheduling conference is requested at this time.

**10.     Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Plaintiffs' Discovery Topics:**

- The extent and nature of Defendants' use of the HOLIDAY INN EXPRESS Marks and/or other proprietary brand identifiers following expiration of the License Agreement.

- Defendants' actions and communications related to the obligation to de-identify the hotel.

- The relationship and operational roles of the individual defendants and Defendant Aspen Hotels LLC.

- The extent and nature of any guest or other third-party complaints concerning the hotel following expiration of the License Agreement, including without limitation any third-party communications regarding the hotel during the time it was operated under the HOLIDAY INN EXPRESS Marks without authorization or consent from IHG.

- The extent and nature of all actual losses to Plaintiffs resulting from Defendants' infringing conduct, including without limitation all economic losses, reputational damages, and/or loss of good will.

- Financial performance and/or profitability of the hotel during the time it was operated under the HOLIDAY INN EXPRESS Marks without authorization or consent from IHG.

- Facts and circumstances relevant to a finding of intentional and/or willful trademark infringement.

- The amount of outstanding System Fees owed by Defendants under the License Agreement and Guaranty.

- Facts and circumstances relevant to Defendants' defenses to the Complaint.

**Defendants' Discovery Topics:**

In addition to Plaintiffs' topics, Defendants intend to seek discovery regarding:

- Plaintiffs' history of similar claims.

- The relationship and roles of individuals employed with Plaintiffs who performed any role in administering the license agreement with Asam.

- Facts and circumstances relevant to Defendants' anticipated counterclaims.

- The extent and nature of any guest or other third-party complaints concerning the hotel following expiration of the License Agreement, including without limitation any third-party communications regarding the hotel during the time it was operated under the HOLIDAY INN EXPRESS Marks without authorization or consent from IHG.

- The extent and nature of all actual losses to Defendants resulting from Plaintiffs' infringing or wrongful conduct, including without limitation all economic losses, reputational damages, and/or loss of good will.

- Financial performance and/or profitability of the Hotel during the time it was operated under the HOLIDAY INN EXPRESS Marks without authorization or consent from IHG.

- Financial performance and/or profitability of the Hotel following the time it was operated under the HOLIDAY INN EXPRESS Marks.

- Facts and circumstances relevant to Defendants' defenses to the Complaint.

- Plaintiffs' actions and communications related to the Defendants' obligation to de-identify the hotel.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

None.

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None.

(b) Is any party seeking discovery of electronically stored information?

___✓___ Yes              _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties have discussed the likely need and potential scope of ESI production. However, they believe agreements regarding scope of searches and production should be considered after review of their respective Initial Disclosures any discovery requests that may be served between the parties. The parties intend to confer again after service of Initial Disclosures and any written discovery requests to try to reach appropriate agreements regarding ESI.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

See response to subpart (1) above.

**12.  Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

Plaintiffs respectfully request that the Court enter the parties' proposed consent preliminary injunction order, submitted on June 2, 2025.

The parties anticipate that a protective order governing production, handling, and use of confidential materials will be necessary. The parties are discussing the terms of a proposed protective order to submit to the Court.

**13.  Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on July 16, 2025, and that they participated in settlement discussions.

For plaintiff: Anne Horn Baroody (lead counsel):

*/s/ Anne Horn Baroody*

    Other participants:

For defendant: Ian Edward Smith (lead counsel):

*/s/ Ian E. Smith*

    (b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

        (__**X**__) A possibility of settlement before discovery.
        (__**X**__) A possibility of settlement after discovery
        (_____) A possibility of settlement, but a conference with the judge is needed.
        (_____) No possibility of settlement.

    (c) Counsel (__**X**__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined.

    (d) The following specific problems have created a hindrance to settlement of this case:

Counsel are not aware of such specific problems at this time.

**14.    Trial by Magistrate Judge:**

    Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

    (a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

    (b) The parties (__**X**__) do not consent to having this case tried before a magistrate judge of this Court.

WHEREFORE, the parties jointly submit the Joint Preliminary Report and Discovery Plan on this 6th day of August, 2025.

| | |
|---|---|
| **BRADLEY ARANT BOULT CUMMINGS LLP** | **SPIRE LAW, PLLC** |
| */s/ Anne Horn Baroody* | */s/ Ian E. Smith (w/ express permission)* |
| Ronald T. Coleman, Jr.<br>Georgia Bar No. 177655<br>Anne Horn Baroody<br>Georgia Bar No. 475569<br>Skylar D. Williams<br>Georgia Bar No. 418478<br><br>Promenade Tower<br>1230 Peachtree Street NE, Suite 2100<br>Atlanta, Georgia 30309<br>Tel: 404-868-2008<br>Fax: 404-522-8409<br>rtcoleman@bradley.com<br>abaroody@bradley.com<br>swilliams@bradley.com<br><br>*Counsel for Plaintiffs Six Continents Hotels, Inc. and Holiday Hospitality Franchising, LLC* | Ian E. Smith, Esq.<br>Georgia Bar No. 661492<br><br>2572 W. State Road 426<br>Suite 2088<br>Oviedo, Florida 32765<br>Tel: 407-494-0135<br>Ian@spirelawfirm.com<br>filings@spirelawfirm.com<br><br>*Counsel for Defendants Asam Hotels Inc., Aspen Hotels LLC, Sikandar A. Malik, and Sarah Malik* |

...
...
...

\* \* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2025.

_____
UNITED STATES DISTRICT JUDGE