# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

SIX CONTINENTS HOTELS, INC.
and HOLIDAY HOSPITALITY
FRANCHISING, LLC,

    Plaintiffs,

v.

ASAM HOTELS INC., ASPEN
HOTELS LLC, SIKANDAR A. MALIK,
and SARAH MALIK,

    Defendants.

CASE NO. 1:25-cv-02502-TWT

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs Six Continents Hotels, Inc. ("SCH") and Holiday Hospitality Franchising, LLC ("HHFL") (referred to collectively as "IHG") respectfully move this Court pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.1 of the Northern District of Georgia for entry of an order compelling Defendants Asam Hotels Inc. ("Asam"), Aspen Grand Hotels LLC ("Aspen"), Sikandar A. Malik, and Sarah Malik to provide discovery and appear for previously noticed depositions.

## FACTUAL BACKGROUND

HHFL and Asam entered into a License Agreement in December 2022 for the operation of a Holiday Inn Express® hotel located in La Porte, Texas. The License Agreement granted Asam a limited, non-exclusive right to use the Holiday Inn

Express® System and certain trademarks solely at the hotel and only during the term of the agreement. Sikandar Malik and Sarah Malik executed a Guaranty in connection with the License Agreement, personally guaranteeing Asam's obligations thereunder, including its post-termination de-identification obligations and payment of all amounts due. The License Agreement, as amended, expired by its own terms on October 1, 2024. Upon expiration, Asam was contractually obligated to cease use of the Holiday Inn Express® marks and fully de-identify the hotel, including removal of all signage and proprietary brand elements associated with the Holiday Inn Express® System.

IHG alleges that Asam failed to pay required System Fees and other financial obligations during the term of the License Agreement and that, following expiration of the License Agreement, Defendants continued to use the Holiday Inn Express® marks and other proprietary brand identifiers in connection with the operation of the hotel without authorization.

IHG further alleges that Aspen, an entity affiliated with and ostensibly controlled by the same principals as Asam, operated the Hotel following expiration of the License Agreement and participated in the continued unauthorized use of IHG's marks. IHG alleges that Aspen's involvement in the ongoing operation of the Hotel is part of the same course of conduct giving rise to its infringement and breach claims.

2

As a result, on May 6, 2025, IHG filed its Verified Complaint seeking injunctive relief and damages arising out of Defendants' unauthorized use of IHG's trademarks and alleged breaches of the License Agreement and guaranties. The Complaint asserts claims under the Lanham Act for trademark infringement and related relief, as well as state-law claims for breach of contract and breach of guaranty.

### DISCOVERY DISPUTE BACKGROUND

IHG's claims place at issue, among other things, the ownership and operational structure of Asam and Aspen, Defendants' compliance with the License Agreement and Guaranty, Defendants' post-expiration use of the Holiday Inn Express® marks, and Defendants' revenues and financial performance during the time they were operating the Hotel while unlawfully using the marks. To obtain information relevant to those issues, IHG served its First Set of Interrogatories, First Requests for Production of Documents, and First Requests for Admission on October 31, 2025. Counsel for the parties worked together to extend the time to respond to Plaintiff's discovery multiple times.

Defendants served written responses on December 19, 2025. The responses purport to assert a series of boilerplate "General Objections" that are not tied to any specific request and are not authorized under the Federal Rules of Civil Procedure. Defendants also interposed relevance objections to certain requests directed to

3

ownership structure, financial performance, and post-expiration operations—issues central to IHG's claims. A true and correct copy of Defendants' Responses to Plaintiffs' Requests for Production and First Set of Interrogatories are attached hereto as **Exhibits A and B**, respectively.

Defendants' interrogatory responses consist largely of limited narrative statements and objections, and the responses were not verified under oath as required by Federal Rules of Civil Procedure Rule 33(b)(5). Although Defendants represented that a verification would follow on December 22, 2025, no such verification has been served to date. In addition, Defendants issued denials to several Requests for Admission without providing any factual explanation for those denials as requested in IHG's interrogatories. Moreover, despite serving written responses stating they would produce documents in response to IHG's Requests for Production, Defendants have produced no documents to date.

When no documents or supplemental responses were forthcoming, IHG sent Defendants a detailed letter on February 10, 2026, identifying the deficiencies in Defendants' discovery responses and requesting supplementation. A true and correct copy of that correspondence is attached hereto as **Exhibit C**. IHG thereafter attempted to confer with Defendants' counsel regarding these issues. A meet-and-confer call was initially scheduled for February 13, 2026; however, Defendants' counsel advised that scheduling conflicts prevented him from participating on that

date. Counsel for the parties then coordinated an alternative time to meet and confer on the morning of February 17, 2026. Approximately twenty-five minutes before the scheduled call, Defendants' counsel informed the undersigned by email that his client "has asked [him] to cease any further work on the matters until [he is] advised otherwise." Notwithstanding that communication, counsel for IHG joined the scheduled call via the Microsoft Teams link previously circulated by Defendants' counsel, but Defendants' counsel did not join or otherwise participate in the conference. True and correct copies of the email correspondence reflecting these meet-and-confer efforts are attached hereto as **Exhibit D**.

Discovery in this matter is currently set to close on March 2, 2026. Unable to confer with Defendants' counsel regarding a workable schedule for depositions, and in an abundance of caution to preserve Plaintiffs' right to depose Defendants, on February 13, 2026, IHG noticed the depositions of Defendants for February 25, 26, and 27, 2026. True and correct copies of Plaintiffs' Notices of Deposition are attached as **Exhibit E**. Nevertheless, Mr. Smith's statements on February 13 raised concerns whether he would participate in the noticed depositions, and whether, absent his participation, counsel for Plaintiffs could appropriately depose Defendants. On February 19, 2026, counsel for Plaintiffs sent a letter to Defendants' counsel asking him to clarify whether he would participate in the depositions or consent to Plaintiffs' counsel deposing Defendants without his participation. A true

and correct copy of Plaintiffs' February 19 letter is attached as **Exhibit F**.

To date, Mr. Smith has not confirmed that he will participate or that Plaintiffs' counsel may properly take these depositions. On Monday, February 23, moreover, Mr. Smith advised that his clients were not available and would not appear for their depositions on the noticed dates. Counsel for the Parties have attempted to confer about rescheduling the depositions, but Defendants thus far have not offered any alternative dates to complete the noticed depositions.

## LEGAL STANDARD

The Eleventh Circuit has long recognized that the Federal Rules "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Rule 26 provides that parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claims or defenses. Fed. R. Civ. P. 26(b)(1). Further, the term "relevant" is broadly construed to encompass any matter that bears on or reasonably could lead to other matters that bear upon any issue in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

The overall purpose of discovery is to require disclosure of all relevant information so that the ultimate resolution of disputed issues may be based on a full and accurate understanding of the true facts. *Cottone v. Cottone*, No. 1:15-CV-3584-MHC, 2017 WL 9250366, at *2 (N.D. Ga. Oct. 11, 2017). When a party fails to

adequately answer an interrogatory or fails to produce a requested document or item, the court may compel that party to respond. Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). "Whether or not to compel discovery pursuant to Federal Rule of Civil Procedure 37 is committed to the sound discretion of the trial court." *Lowery v. AmGuard Ins. Co.*, No. 1:20-cv-05148-TWT, 2022 WL 458595, at *2 (N.D. Ga. Jan. 24, 2022) (citing *Com. Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984)).

## ARGUMENT

Defendants' discovery responses reflect boilerplate objections, conclusory and evasive Interrogatory responses, unsupported denials of Requests for Admission, and no production of documents. These responses are plainly deficient and in violation of the relevant Federal Rules of Civil Procedure.

Under Rule 26(b)(1), IHG is entitled to discovery relevant to its claims for trademark infringement, breach of contract, and breach of guaranty. Once relevance is established, the burden shifts to the resisting party to show specifically why discovery should not be permitted. *See Amendia, Inc. v. Omni Surgical, LLC*, 2012 WL 13014585, at *2 (N.D. Ga. June 8, 2012). Boilerplate objections and conclusory assertions do not satisfy that burden, and an evasive or incomplete response should be treated as a failure to respond. Fed. R. Civ. P. 37(a)(4); *see also Coates v. Lyft, Inc.*, 2023 WL 11904098, at *2 (N.D. Ga. May 15, 2023) (holding evasive and/or incomplete responses are a failure to respond to the written discovery requests).

## I.      The Court Should Order Immediate Production of Documents.

In their written Responses to IHG's First Requests for Production, Defendants agreed to produce documents responsive to Request Nos. 1–5, 8, 10–14, 15 (in part), and 18–20, subject to certain objections. They further represented that responsive documents would be produced within twenty-one days of their responses. Despite those representations—and despite the passage of more than two months— Defendants have produced no documents.

Rule 34 requires a responding party either to produce responsive documents or state with specificity the grounds for objection. Fed. R. Civ. P. 34(b)(2)(B)–(C). A party that agrees to produce documents but fails to do so has effectively failed to respond. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv). Accordingly, the Court should order immediate production of all documents responsive to IHG's Requests for Production.[1]

## II.     The Court Should Compel Production of Documents Responsive to IHG's Requests for Production.

A. Defendants' "General Objections" are Improper

Defendants' discovery responses begin with a series of "General Objections" that purport to apply to all requests without identifying which objection applies to

---

[1] To the extent documents are produced after depositions occur, IHG respectfully requests leave to reopen any deposition for a limited period as necessary to address late-produced materials.

which specific request. Such objections violate the Federal Rules which require objections to be stated with specificity and requires that, for each request, the responding party state with specificity the grounds for objection. *See* Fed. R. Civ. P. 33(b)(4); 34(b)(2)(B). Rule 34(b)(2)(C) further requires the responding party to state whether any responsive materials are being withheld on the basis of an objection.

As a result of Defendants' "General Objections," IHG cannot determine the scope of Defendants' future production or whether responsive materials will be withheld. The 2015 amendments to Rule 34 were designed to eliminate precisely this type of ambiguity, i.e. where a party asserts multiple objections but leaves the requesting party unable to determine whether responsive materials have been withheld. *See* Fed. R. Civ. P. 34(b) advisory committee's note to 2015 amendment. The Court should strike Defendants' General Objections and require amended responses that comply with Rules 33(b) and 34(b)(2), including a clear statement as to whether responsive materials are being withheld. *United States v. Paris*, 2020 WL 10181655, at *2 (N.D. Ga. Oct. 23, 2020); *see also Chattanooga-Hamilton Cnty. Hosp. Auth. v. Hosp. Auth. of Walker*, 2016 WL 4408830, at *20 (N.D. Ga. Mar. 21, 2016).

B. Documents Related to Defendants' Corporate Structure

Request No. 6 in Plaintiffs' First Set of Requests for Production seeks discovery of documents related to Aspen's corporate structure and ownership:

9

**Request No. 6**:    Documents Concerning Aspen's operating agreement and all limited liability company and/or other corporate documents evidencing the structure, ownership, and control of Aspen, including but not limited to with respect to any and all upstream legal entities.

**RESPONSE**:  Defendants object to this Request as not relevant to any party's claims or defenses and therefore not proportional to the needs of the case. Defendants, moreover, object to the undefined term "upstream legal entities" as vague and ambiguous. As Defendants interpret the term, Defendants contend that there are no "upstream legal entities." If Plaintiffs will explain the relevance of this Request, Defendants will reconsider their objection.

Defendants' objections lack merit. IHG alleges that Aspen operated the Hotel after expiration of the License Agreement and continued using IHG's trademarks without authorization. Documents reflecting Aspen's ownership and corporate structure—including the identity of its members, managers, and controlling principals—are directly relevant to whether Aspen had knowledge of IHG's trademark rights and its own obligations in operating the Hotel. Mr. Malik executed the License Agreement on behalf of Asam and was therefore aware of IHG's trademark rights, the limited scope of the license, and the requirement to cease use upon expiration. To the extent the same principals own or control Aspen, their knowledge is attributable to Aspen and bears directly on whether Aspen's continued use of the marks was willful. These materials are also relevant to IHG's allegations that Aspen is a continuation of, or affiliated with, Asam in connection with the post-

expiration operation of the Hotel. The Court should compel production responsive to that request.

C. <u>Documents Related to Defendants' Post-Termination Use of the Marks</u>

Request No. 7 seeks discovery of documents related to Defendants' use or display of IHG's trademarks following termination of the License Agreement:

> **Request No. 7**:    Documents and Communications Concerning Your use or display of the HOLIDAY INN EXPRESS Marks at any time after October 1, 2024.

> **RESPONSE**:  Defendants deny that they used the Holiday Inn Express marks after October 1, 2024. Accordingly, Defendants respond to this Request as follows: none.

Rule 34 requires a party to produce documents within its possession, custody, or control that are responsive to a properly served request. Fed. R. Civ. P. 34(a)(1). RFP No. 7 seeks documents concerning Defendants' use of IHG's marks following expiration of the License Agreement.

There is no legitimate dispute that the marks remained displayed after October 1, 2024, when the License Agreement expired. The record includes dated photographs incorporated into IHG's Verified Complaint showing continued use of the Holiday Inn Express® branding at the property after expiration. For example, the following images demonstrate Defendants' continued unauthorized use of the Holiday Inn Express® as of April 22, 2025:



*See* ECF No. 1 ¶ 47.

Defendants' blanket denial of continued use is not a response permitted by Rule 34. A merits-based denial does not excuse production of responsive documents. Documents reflecting Defendants' de-identification efforts, or lack thereof, are plainly responsive to this request. If Defendants contend that no responsive documents exist, the Court should require them to certify under oath the efforts undertaken to search for responsive materials and to verify that no such documents are within their possession, custody, or control.

D. Financial Records and Tax Returns

Requests Nos. 15 and 16 in Plaintiffs' First Set of Requests for Production seek discovery of financial records and documents concerning the subject hotel's finances, financial performance, and occupancy from October 1, 2024 through the date of the requests:

> **Request No. 15**: Your quarterly and annual profit and loss statements, balance sheets, and general ledger (in

electronic format) for all time periods after expiration of the License Agreement on October 1, 2024 to the present.

**Request No. 16**:  All other financial statements and all other Documents and Communications Concerning the Hotel's finances, financial performance, occupancy and other performance for the Hotel following expiration of the License Agreement on October 1, 2024 to the present.

Defendants provided the same objections and response to both requests:

**RESPONSE**:    To the extent this Request seeks information after the filing of the Complaint (May 6, 2025), Defendants object to this Request as not relevant to any party's claims or defenses and therefore not proportional to the needs of the case. Documents created after the filing of the Complaint could have no bearing on the claims raised at the time of the Complaint. Subject to and without waiving the foregoing objection or the General Objections, Defendants will produce quarterly and annual profit and loss statements, as available, from October 1, 2024 to the date of filing the Complaint, May 6, 2025.

The federal rules are clear that parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claims or defenses. Fed. R. Civ. P. 26(b)(1). IHG alleges that Defendants' misuse of IHG's trademarks continued beyond the filing of the Complaint, and financial records reflecting the hotel's revenues, profits, losses, occupancy, and overall financial performance after that date are directly relevant to the calculation of damages arising from that infringing conduct.

Under the Lanham Act, a plaintiff may recover both its actual damages and

13

the defendant's profits attributable to the infringement. 15 U.S.C. § 1117(a). The Eleventh Circuit has recognized that actual damages may include lost licensing or royalty fees. *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1349–50 (11th Cir. 2019). The statute separately permits disgorgement of the defendant's profits, a remedy that is distinct from lost royalties. *Id*. at 1352–53.

Financial records reflecting all revenue are therefore relevant and discoverable on the issue of IHG's damages as a result of unauthorized use of its Marks. Such records include all the records sought by IHG in these requests. Defendants have identified no authority permitting them to limit damages discovery to the date of the Complaint. Where infringement is alleged to be ongoing, post-complaint financial records are plainly relevant to both actual damages and disgorgement and must be produced.

Similarly, Request No. 21 in Plaintiffs' First Set of Requests for Production sought Defendants' federal, state, and local tax returns filed within the last three years:

> **Request No. 21**:  All Federal, state, and/or local tax returns filed by any Defendant in the last three (3) years.
>
> **RESPONSE**:  Defendants object to this Request as not relevant to any party's claims or defenses and unnecessarily intrusive. If Plaintiff will explain the relevance of this Request, Defendants will reconsider their objections.

For the same reasons as the financial records discussed above, tax documents

concerning Defendants' financial performance and revenues are also relevant to IHG's damages claims under the Lanham Act. Defendants have produced no financial documents whatsoever. Because damages related to Defendants' revenues are central to this case, the Court should compel production of documents responsive to RFP Nos. 15, 16, and 21.

**III.    Defendants' Interrogatory Responses Are Conclusory and Nonresponsive.**

Rule 33 requires that interrogatories be answered fully and under oath. Fed. R. Civ. P. 33(b). Conclusory responses and restatements of legal theories do not satisfy that requirement.

A. <u>Defendants Must Serve Verified Interrogatory Responses</u>

The Federal Rules of Civil Procedure require that each interrogatory be answered separately, fully in writing under oath, and signed by the person who makes the answers. Fed. R. Civ. P. 33(b)(3); 33(b)(5). The verification requirement is not a technicality; it ensures that the responding party is bound by sworn representations and subject to the penalties of perjury.

Defendants' interrogatory responses were not verified under oath. Unverified interrogatory responses are procedurally defective. Courts routinely compel verified responses and should do so here. *See Lewis v. City of Brunswick*, 2015 WL 5316572, at *5 (S.D. Ga. Sept. 10, 2015) (granting motion to compel and ordering respondent to provide verified responses to interrogatories); *Rice v. Brand Imports, L.L.C.*, 2010

15

WL 11549730, at *2 (N.D. Ga. Apr. 29, 2010) (same).

B.  Contention Interrogatories

Interrogatory No. 3 in Plaintiffs' First Set of Interrogatories sought the identification of facts supporting Defendants' contention that all compensation owed to IHG has been paid:

> **Interrogatory No. 3**:  Identify and describe in detail all facts and circumstances that You contend support your Second Defense, including with the respect to the allegation that "all compensation owed has been paid."
>
> **RESPONSE**:  Subject to and without waiving the General Objections, Defendants respond that their Second Defense is based on the fact that Defendants have paid any fee, compensation, or renumeration due to Plaintiffs.

Defendants' response merely restates their alleged defense and fails to identify any payments or supporting facts regarding these purported payments to IHG. Defendants' response is conclusory and devoid of factual detail. It identifies no payments, no dates, and no supporting documents. IHG is entitled to understand what factual basis Defendants' have to claim any amounts owed have been paid.

Likewise, Interrogatories Nos. 4-6 sought the facts supporting Defendants' Third, Fourth, and Fifth affirmative defenses. Rather than identifying any facts, Defendants' responses merely recite the legal conclusions underlying those defenses:

> **Interrogatory No. 4**:  Identify and describe in detail all facts and circumstances that You contend support your

16

Third Defense.

**RESPONSE**: Subject to and without waiving the General Objections, Defendants respond that their Third Defense is based on the fact that Plaintiffs have acted in bad faith, with unclean hands, in the manner in which they administered and terminated the parties' license agreement.

**Interrogatory No. 5**: Identify and describe in detail all facts and circumstances that You contend support your Fourth Defense.

**RESPONSE**: Subject to and without waiving the General Objections, Defendants respond that their Fourth Defense is that they have not acted willfully with regard to Plaintiff concerning any alleged violation.

**Interrogatory No. 6**: Identify and describe in detail all facts and circumstances that You contend support your Fifth Defense.

**RESPONSE**: Subject to and without waiving the General Objections, Defendants respond that their Fifth Defense is based on the fact that Defendants acted in good faith in all respects concerning the Plaintiff.

Defendants' responses to each of these Interrogatories is wholly deficient. Courts consistently hold these kinds of conclusory responses are insufficient. *See Miller v. Garibaldi's, Inc.*, No. CV414-007, 2016 WL 7257035, at *7 (S.D. Ga. Dec. 15, 2016) ("Plaintiffs' bare, conclusory restatement of the contention whose support the interrogatory sought is facially insufficient."); *Great Am. Ins. Co. v. Conart Inc.*, 2007 WL 9751567, at *4 (M.D. Ga. Mar. 29, 2007) (holding vague, conclusory statements not responsive to interrogatory seeking detailed description of relevant

17

information). IHG is entitled to know the facts Defendants contend support each defense, including the acts, dates, and persons involved. The Court therefore should compel Defendants to supplement their responses to Interrogatories Nos. 3-6.

C. <u>Ownership, Operation, and De-Identification</u>

Interrogatory No. 8 sought identification of all individuals and entities that owned and/or operated the hotel since execution of the License Agreement, including the dates during which each operated the hotel:

> **Interrogatory No. 8**:  Identify any and all Persons that have owned and/or operated the Hotel at any time since execution of the License Agreement, including the dates during which each such [Person] operated the Hotel.

> **RESPONSE**:  Sikandar Malik and Sarah Malik.

The interrogatory expressly required identification of all persons who owned or operated the Hotel and the relevant time periods. Because it only lists two individuals and contains no dates, Defendants' response is plainly incomplete. The Court should compel Defendants to supplement their response and identify whether Asam Hotels Inc., Aspen Hotels LLC, or any other entity owned and/or operated the hotel, and the dates associated with each of the identified individual's or entity's respective period of operation.

Interrogatory No. 10 sought the date on which Defendants contend the Hotel was fully deidentified following termination of the License Agreement:

> **Interrogatory No. 10**:  State the date on which You fully

de-identified the Hotel.

> **RESPONSE**:    The de-deidentification process was completed within 30 days of October 1, 2024.

A statement that de-identification occurred "within 30 days" is not responsive to a request for a specific date, particularly when timing is material to IHG's infringement claims. Moreover, as noted above, the record and evidence to date irrefutably shows that this contention is false and demonstrate that the hotel continued to display HOLIDAY INN EXPRESS branding well into 2025. *See* ECF 1 ¶ 47; Exs. I, J, L. The Court should therefore compel Defendants to supplement their response and identify the specific date on which Defendants contend de-identification was completed and the facts supporting that contention.

D. <u>Revenue, Damages, and other Litigation</u>

Interrogatories Nos. 13 and 14 sought Defendants' monthly Gross Rooms Revenue and net profit or loss beginning in October 2024 through the date of the requests:

> **Interrogatory No. 13**:  State the Gross Rooms Revenue (as that term is defined in the License Agreement) for the Hotel for each month beginning in October 2024 through the date of these Interrogatories.

> **RESPONSE**:    Defendants object to producing information that arose after the date of filing of the complaint (May 6, 2025) on the grounds that the information is not relevant to any party's claims or defenses and, therefore, not proportional to the needs of the case. Information arising after filing the complaint

cannot affect what was known or believed at the time of the complaint, so it lacks any tendency to influence the determination of issues raised in the Complaint. Subject to and without waiving the foregoing objection or the General Objections, Defendants state that between October 2024 and May 2025 gross monthly room revenue was between $2,000 - $5,000.

**Interrogatory No. 14**: State the total amount of net profit or loss for the hotel for each month beginning in October 2024 through the date of these Interrogatories.

**RESPONSE**:    Defendants object to producing information that arose after the date of filing of the complaint (May 6, 2025) on the grounds that the information is not relevant to any party's claims or defenses and, therefore, not proportional to the needs of the case. Information arising after filing the complaint cannot affect what was known or believed at the time of the complaint, so it lacks any tendency to influence the determination of issues raised in the Complaint. Subject to and without waiving the foregoing objection or the General Objections, Defendants state that between October 2024 and May 2025, the Hotel experienced a net monthly loss between $46,000 - $65,000.

As discussed in relation to Requests for Production Nos. 15 and 16, these interrogatories are directly relevant to the calculation of damages arising from Defendants' infringing conduct which IHG alleges occurred beyond the filing of the Complaint. Defendants have identified no basis or authority to support a limitation on this damages evidence to the filing of the Complaint.

Interrogatory No. 19 sought identification of all lawsuits in which Defendants have been parties:

20

**Interrogatory No. 19**: Please identify all lawsuits that you or any Defendant has been a party to and provide the following:

>  a. The style of the case (i.e., full case name and number);

>  b. The name of the court in which the case is or was pending;

>  c. A brief description of the issues raised in the lawsuit; and

>  d. A description of the outcome or resolution of the lawsuit, if any

**RESPONSE**: Defendants object to personal lawsuits as not relevant. Subject to and without waiving their General Objections, Defendants identify the following: Holiday Hospitality Franchising v. Aspen Grand Hotels LLC et al., Civ. Act. No. 1:25-cv-05379-VMC (N.D. Ga. filed Sept. 19, 2025). The case concerns trademark infringement arising from the termination of the parties' license agreement. The case is pending.

Information concerning prior litigation is discoverable where it bears on knowledge, intent, course of conduct, or defenses asserted in the action, and courts routinely allow discovery of prior lawsuits in these circumstances. *See Haji v. NCR Corp.*, 2018 WL 11483103, at *8 (N.D. Ga. Nov. 1, 2018) (holding public information surrounding Plaintiff's previous lawsuits constitutes discoverable information); *Anderson v. City of Naples*, 2010 WL 4853916, at *3 (M.D. Fla. Nov. 22, 2010) (granting motion to compel answer to interrogatory asking to identify lawsuits in which opponent had been a party).

Defendants' litigation history is discoverable and may lead to relevant information or admissions. Because Defendants have not demonstrated that the information is irrelevant or disproportionate, the Court should compel supplementation of Interrogatory No. 19.

E. Requests for Admission Denials

Interrogatory No. 21 asked Defendants to describe the particular factual bases for each denial or qualified admission to Plaintiffs' Requests for Admission and identify any supporting documents. IHG's Requests for Admission Nos. 3, 5, and 6 asked Defendants to admit (i) that Defendants failed to pay System Fees due under the License Agreement, (ii) continued to use IHG's trademarks after termination of the License Agreement, and (iii) that, as recently as May 2025, the hotel was still wholly or partially identified as a Holiday Inn Express® branded hotel. Defendants responded with blanket denials to each of these Requests. Defendants responded to Interrogatory No. 21 as follows:

> **Interrogatory No. 21**: For any response to Plaintiffs' Requests for Admission that You did not admit without qualification, describe with particularity the basis for Your denial or refusal to admit the Request for Admission without qualification, and identify any document that You contend supports Your denial or refusal to admit the Request for Admission without qualification.
>
> **RESPONSE**: Defendants refer Plaintiffs to their responses to Plaintiff's First Request for Admissions.

Defendants' response simply refers to their RFA responses and does not address any

22

of IHG's requests for factual details. This is nonresponsive. Rule 33 requires a full substantive answer to each interrogatory. Fed. R. Civ. P. 33(b)(3). A responding party may not simply incorporate responses to other document requests. *See Gonzalez v. LiveOps, Inc.*, 2008 WL 11324067, at \*4 (N.D. Ga. Sept. 29, 2008) ("Answers to interrogatories must be responsive to the question, complete in themselves, and should not refer to pleadings, depositions, [or] other documents.") (quotations omitted).

Interrogatory No. 21 seeks the factual foundation for Defendants' denials. Defendants have provided none. They have not identified what payments they contend were made, what facts support their denial of continued use, or what evidence supports their denial regarding the hotel's identification in May 2025. Instead, they have simply referred IHG back to the denials themselves. That is not a full answer within the meaning of Rule 33.

Because Defendants have failed to provide the factual bases for their denials or identify supporting documents, the Court should compel a complete response to Interrogatory No. 21.

**IV.     Plaintiffs are entitled to take the depositions that have been duly noticed of all Defendants.**

Plaintiffs duly noticed the depositions of Defendants Sikandar Malik, Sarah Malik, Asam Hotels Inc. and Aspen Hotels LLC pursuant to Rules 30 and 30(b)(6) of the Federal Rules to take place on February 25, 26, and 27, 2026. The depositions

did not go forward on those dates because Defendants' counsel advised that Defendants were not available and would not appear on the noticed dates. Additionally, Defendants have created uncertainty whether their counsel will appear and participate in any depositions, raising concerns whether Plaintiffs' counsel can properly take the depositions of Defendants outside their counsel's presence. To date, Defendants' counsel has not clarified whether he will participate in any depositions, and Defendants have not provided alternative dates to complete the depositions.

Plaintiffs are entitled to take the depositions of all Defendants, which depositions were duly and timely noticed prior to the close of discovery.[2] Counsel for Plaintiffs are hopeful that the Parties can confer and identify workable dates and remove any uncertainty with respect to taking Defendants' depositions. To the extent Defendants are not willing to confer to reschedule the duly noticed depositions, however, Plaintiffs request an order from the Court compelling their appearance at depositions on dates to be identified by Plaintiffs.

## V.        IHG is entitled to Reasonable Expenses Pursuant to Rule 37(a)(5).

Rule 37(a)(5)(A) provides that if a motion to compel is granted, the court must require the party whose conduct necessitated the motion to pay the movant's

---

[2] Plaintiffs are also moving to extend the discovery period, which otherwise closes on March 2, 2026, for the limited purpose of completing the noticed depositions.

reasonable expenses, including attorney's fees, unless the nonmovant's position was substantially justified or other circumstances make an award unjust.

IHG attempted in good faith to resolve these issues without Court intervention. Defendants have produced no documents to date, failed to appear for noticed depositions, and declined to meaningfully confer to resolve the discovery issues outlined herein. Because Defendants' failures are not substantially justified and necessitated this Motion, Rule 37(a)(5) mandates an award of IHG's reasonable expenses incurred in bringing it. *See Fabre v. Bank of Am., N.A.*, 2010 WL 11474544, at *1 (N.D. Ga. Sept. 2, 2010).

## CONCLUSION

WHEREFORE, IHG respectfully requests the Court enter an order granting this motion and compelling Defendants to provide supplemental answers and produce documents in response to IHG's discovery requests as detailed herein; award IHG reasonable expenses and attorneys' fees pursuant to Rule 37(a)(5); and grant such other relief as the Court deems just and proper.

# <u>RULE 37.1 CERTIFICATION</u>

I certify that counsel for Plaintiffs has in good faith attempted to confer with counsel for Defendants in an effort to resolve the multiple discovery issues raised in this Motion.

Dated: February 27, 2026

<u>/s/ Anne Horn Baroody</u>
Ronald T. Coleman, Jr.
Georgia Bar No. 177655
Anne H. Baroody
Georgia Bar No. 475569
Skylar D. Williams
Georgia Bar No. 418478

**Bradley Arant Boult Cummings LLP**
1230 Peachtree Street, Suite 2100
Atlanta, Georgia 30309
Tel: 404-868-2008
Fax: 404-522-8409
rtcoleman@bradley.com
abaroody@bradley.com
swilliams@bradley.com

*Counsel for Plaintiffs Six Continents Hotels, Inc. and Holiday Hospitality Franchising, LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

In compliance with N.D. Ga. R. 7.1D, I certify that the foregoing

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND**

**INCORPORATED MEMORANDUM OF LAW** has been prepared in

conformity with N.D. Ga. R. 5.1. This Memorandum was prepared with Times

New Roman (14-point) type, with top, bottom, left, and right margins of one (1)

inch. This Memorandum is proportionally spaced and does not exceed twenty-five

(25) pages.

*/s/ Anne Horn Baroody*

## CERTIFICATE OF SERVICE

I certify that on February 27, 2026, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF electronic filing service, which will send notification to all counsel of record.

This 27th day of February, 2026.

*/s/ Anne Horn Baroody*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SIX CONTINENTS HOTELS, INC.
And HOLIDAY HOSPITALITY                    Case No. 1:25-cv-02502-TWT
FRANCHISING, LLC,

    Plaintiffs,

v.

ASAM HOTELS INC., ASPEN
HOTELS LLC, SIKANDAR A.
MALIK, and SARAH MALIK

    Defendants.

_____/

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants, Asam Hotels Inc., Aspen Hotels LLC, Sikandar A. Malik, and Sarah Malik (Defendants or "Asam") ("Defendants"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 34, hereby respond to Plaintiff's First Request for Production. Defendant will produce responsive documents referenced below at a mutually agreeable time within 21 days after the date of his written responses and objections.

Dated this 19th day of December, 2025.

1

Respectfully submitted,
SPIRE LAW, PLLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765


By:    /s/ *Ian E. Smith*
       Ian E. Smith, Esq.
       Georgia Bar No. 661492
       ian@spirelawfirm.com
       sarah@spirelawfirm.com
       filings@spirelawfirm.com
       *Attorney for Defendant*

2

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March 2025, I served the foregoing upon counsel for Plaintiff via email:

Anne Horn Baroody

Ronald T. Coleman, Jr.

Promenade Tower

1230 Peachtree Street NE, 20th Floor

Atlanta, Georgia 30309

Tel: 404-868-2008

Fax: 404-522-8409

rtcoleman@bradley.com

abaroody@bradley.com

*/s/ Ian E. Smith*
Attorney

3

www.spirelawfirm.com
Employment Attorneys

## **<u>GENERAL OBJECTIONS</u>**

1.      Defendants generally object to these Request to the extent they seek documents protected from disclosure by the attorney-client privilege or work-product doctrine.

2.      Defendants generally object to these Request to the extent they seek "any" and "all" information regarding a particular subject matter on the grounds that the Request is overbroad and not proportional to the needs of the case.  Defendants will conduct a reasonable search of their records and will provide information, which may be responsive to the Requests.

3.      Defendants generally object to any Request which seeks documents outside of the applicable statute of limitations as not relevant to any Party's claims or defenses and, therefore, not proportional to the needs of the case.

www.spirelawfirm.com
Employment Attorneys

## RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Request No. 1: Documents identified, referred to, relied on, or consulted in connection with your responses to Plaintiffs' First Set of Interrogatories served upon you in this action.

**Response: Subject to and without waiving their General Objections, Defendants will produce relevant, nonprivileged documents within their possession, custody, or control, which may be responsive to this Request.**

Request No. 2: Documents and Communications that You may use to support Your defenses in this matter.

**Response: Subject to and without waiving their General Objections, Defendants will produce relevant, nonprivileged documents within their possession, custody, or control, which may be responsive to this Request.**

Request No. 3: To the extent not already provided in response to the above Request, all Documents and Communications that You contend support your First Defense, including with respect to the allegation that "all

5

compensation owed has been paid."

**Response: Subject to and without waiving their General Objections, Defendants will produce relevant, nonprivileged documents within their possession, custody, or control, which may be responsive to this Request.**

Request No. 4: All Documents and Communications concerning or that you contend refute amounts due and owing by any Defendant to HHFL pursuant to the License Agreement or Guaranty.

**Response: Subject to and without waiving their General Objections, Defendants will produce relevant, nonprivileged documents within their possession, custody, or control, which may be responsive to this Request.**

Request No. 5: Communications between You and any third party or parties (other than Defendants' counsel) concerning the allegations, claims, or defenses in this action.

**Response: Subject to and without waiving their General Objections,**

6

**Defendants will produce relevant, nonprivileged documents within their possession, custody, or control, which may be responsive to this Request.**

Request No. 6: Documents Concerning Aspen's operating agreement and all limited liability company and/or other corporate documents evidencing the structure, ownership, and control of Aspen, including but not limited to with respect to any and all upstream legal entities.

**Response: Defendants object to this Request as not relevant to any party's claims or defenses and therefore not proportional to the needs of the case.  Defendants, moreover, object to the undefined term "upstream legal entities" as vague and ambiguous.  As Defendants interpret the term, Defendants contend that there are no "upstream legal entities."  If Plaintiffs will explain the relevance of this Request, Defendants will reconsider their objection.**

Request No. 7: Documents and Communications Concerning Your use or

7

display of the HOLIDAY INN EXPRESS Marks at any time after October 1, 2024.

**Response: Defendants deny that they used the Holiday Inn Express marks after October 1, 2024. Accordingly, Defendants respond to this Request as follows: none.**

Request No. 8: Documents and Communications that concern, evidence, reflect, or relate to customer feedback or complaints regarding Your operation of the Hotel from October 2024 through May 2025.

**Response: To the extent such documents exist, and subject to their General Objections, Defendants will produce relevant, nonprivileged documents within their possession, custody, or control, which may be responsive to this Request.**

Request No. 9: Copies of any reports or other records that concern, evidence, reflect, or relate to law enforcement being called out to the Hotel in connection with any guest complaint from October 2024 through May 2025.

**Response: To the extent such documents exist, and subject to their**

8

**General Objections, Defendants will produce relevant, nonprivileged documents within their possession, custody, or control, which may be responsive to this Request.**

Request No. 10: Documents and Communications Concerning total potential occupancy of the Hotel during the term of the License Agreement.

**Response: Subject to and without waiving their General Objections, Defendants will produce relevant, nonprivileged documents within their possession, custody, or control, which may be responsive to this Request.**

Request No. 11: Documents and Communications Concerning Your efforts to de-identify the Hotel following expiration of the License Agreement on October 1, 2024.

**Response: Subject to and without waiving their General Objections, Defendants will produce relevant, nonprivileged documents within**

9

**their possession, custody, or control, which may be responsive to this Request.**

Request No. 12: Documents Concerning any dispute You identified in response to Interrogatory 15 in connection with the calculation or total principal amount of System Fees that IHG seeks in the Complaint.

**Response: Subject to and without waiving their General Objections, Defendants will produce relevant, nonprivileged documents within their possession, custody, or control, which may be responsive to this Request.**

Request No. 13: Documents You identified in response to Interrogatory 16 in connection with any other element or amount of damages that IHG seeks in the Complaint.

**Response: Subject to and without waiving their General Objections, Defendants will produce relevant, nonprivileged documents within their possession, custody, or control, which may be responsive to this Request.**

10

Request No. 14: Documents You identified in response to Interrogatory 21.

**Response: Subject to and without waiving their General Objections, Defendants will produce relevant, nonprivileged documents within their possession, custody, or control, which may be responsive to this Request.**

Request No. 15: Your quarterly and annual profit and loss statements, balance sheets, and general ledger (in electronic format) for all time periods after expiration of the License Agreement on October 1, 2024 to the present.

**Response: To the extent this Request seeks information after the filing of the Complaint (May 6, 2025), Defendants object to this Request as not relevant to any party's claims or defenses and therefore not proportional to the needs of the case. Documents created after the filing of the Complaint could have no bearing on the claims raised at the time of the Complaint. Subject to and without waiving the foregoing objection or the General Objections, Defendants will produce quarterly and annual profit and loss statements, as available,**

11

**from October 1, 2024 to the date of filing the Complaint, May 6, 2025.**

Request No. 16: All other financial statements and all other Documents and Communications Concerning the Hotel's finances, financial performance, occupancy and other performance for the Hotel following expiration of the License Agreement on October 1, 2024 to the present.

**Response: To the extent this Request seeks information arising after the filing of the Complaint (May 6, 2025), Defendants object to this Request as not relevant to any party's claims or defenses and therefore not proportional to the needs of the case.   Documents created after the filing of the Complaint could have no bearing on the claims raised at the time of the Complaint.    Subject to and without waiving the foregoing objection or the General Objections, Defendants will produce financial statements, as available, from October 1, 2024 to the date of filing the Complaint, May 6, 2025.**

12

Request No. 17: All Communications between any Defendant discussing the Hotel's finances, financial performance, occupancy, and other performance for the Hotel from the time the Hotel opened for business as a Holiday Inn® Express branded hotel to present, including for the period after the Hotel stopped being operated as a Holiday Inn® Express branded hotel.

**Response: Defendants object to this Request as overbroad and unduly burdensome and not proportional to the needs of the case. This request seeks "all communications" between any Defendant concerning the Hotel's "finances, financial performance, occupancy, and other performance." To respond fully to this Request would require Defendants to search their records and produce every document generated during the entirety of their license agreement with Plaintiffs and beyond—from December 15, 2022, to present— involving any Defendant concerning the performance of the Hotel. To conduct this type of search would be prohibitively and unnecessarily costly and not proportional to the needs of the case. Subject to and without waiving the foregoing objection or the General Objections, Defendants will conduct a reasonable search of their records and will**

13

**produce relevant, nonprivileged documents within their possession, custody, or control, concerning the Hotel's quarterly and annual financial statements and communications regarding those statements.**

Request No. 18: All Documents and Communications Concerning the source of the Hotel's bookings from the time it opened for business as a Holiday Inn® Express branded hotel to the present.

**Response: Subject to and without waiving their General Objections, Defendants will produce relevant, nonprivileged documents within their possession, custody, or control, which may be responsive to this Request.**

Request No. 19: Documents that you have obtained or subsequently obtain from any non-party to this action Concerning facts, transactions, or events alleged in connection with the claims and defenses in this action.

**Response: Subject to and without waiving their General Objections, Defendants will produce relevant, nonprivileged documents within their possession, custody, or control, which may be responsive to this Request.**

www.spirelawfirm.com
Employment Attorneys

Request No. 20: To the extent not produced in response to the above Requests, all documents and/or communications that you intend to use in any evidentiary hearing or trial of this matter.

**Response: Subject to and without waiving their General Objections, Defendants will produce relevant, nonprivileged documents within their possession, custody, or control, which may be responsive to this Request.**

Request No. 21: All Federal, state, and/or local tax returns filed by any Defendant in the last three (3) years.

**Response: Defendants object to this Request as not relevant to any party's claims or defenses and unnecessarily intrusive. If Plaintiff will explain the relevance of this Request, Defendants will reconsider their objections.**

Request No. 22: Except as otherwise protected from disclosure under the Federal Rules, all documents that you have provided to any person whom

15

you expect to call as an expert witness at trial.

**Response: Subject to and without waiving their General Objections, Defendants have not engaged an expert witness to assist at a trial of this matter. Should Defendants engage an expert witness, they will appropriately supplement their response.**

16

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SIX CONTINENTS HOTELS, INC.
And HOLIDAY HOSPITALITY                    Case No. 1:25-cv-02502-TWT
FRANCHISING, LLC,

     Plaintiffs,

v.

ASAM HOTELS INC., ASPEN
HOTELS LLC, SIKANDAR A.
MALIK, and SARAH MALIK

     Defendants.

_____/

## DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES

     **PLEASE TAKE NOTICE** that Defendants, Asam Hotels Inc., Aspen

Hotels LLC, Sikandar A. Malik, and Sarah Malik (Defendants or "Asam"), hereby

answer Plaintiffs' First Set of Interrogatories to Defendants ("Interrogatories") as

stated below.

     Dated this 19th day of December, 2025.

                        Respectfully submitted,
                        SPIRE LAW, PLLC
                        2572 W. State Road 426, Suite 2088
                        Oviedo, Florida 32765

                    By:   /s/ Ian E. Smith
                        Ian E. Smith, Esq.
                        Georgia Bar No. 661492

ian@spirelawfirm.com
sarah@spirelawfirm.com
filings@spirelawfirm.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December, 2025, the foregoing was served via email on all counsel or parties of record on the Service List below.

## SERVICE LIST

Anne Horn Baroody
Ronald T. Coleman, Jr.
Promenade Tower
1230 Peachtree Street NE, 20th Floor
Atlanta, Georgia 30309
Tel: 404-868-2008
Fax: 404-522-8409
rtcoleman@bradley.com
abaroody@bradley.com

2

# **GENERAL OBJECTIONS**

1.    Defendants generally object to these Interrogatories to the extent they seek documents protected from disclosure by the attorney-client privilege or work-product doctrine.

2.    Defendants generally object to these Interrogatories to the extent they seek "any" and "all" information regarding a particular subject matter on the grounds that the Interrogatory is overbroad and not proportional to the needs of the case. Defendants will conduct a reasonable search of their records and will provide information, which may be responsive to the Interrogatories.

3.    Defendants generally object to any Interrogatory which seeks documents outside of the applicable statute of limitations as not relevant to any Party's claims or defenses and, therefore, not proportional to the needs of the case.

## RESPONSE TO INTERROGATORIES

**Interrogatory No. 1:** Identify and provide the address and telephone number (if known) of all individuals and entities likely to have discoverable knowledge of any of the facts, transactions, or events alleged in connection with the claims and defenses in this action and provide a summary of the nature and substance of the knowledge or information possessed by each such person or entity.

**RESPONSE:    Subject to and without waiving their General Objections, Defendants respond as follows:**

**(1)      Sarah Malik**
**c/o Ian E. Smith, Esq.**
**Spire Law, PLLC**
**2572 W. State Rd. 426**
**Suite 2088**
**Oviedo, FL 32765**
**407-494-0135**

**Knowledge: Information regarding plaintiff's allegations and defendants' defenses.**

**(2)      Sikandar Malik**
**c/o Ian E. Smith, Esq.**
**Spire Law, PLLC**
**2572 W. State Rd. 426**
**Suite 2088**
**Oviedo, FL 32765**
**407-494-0135**

**Knowledge: Information regarding plaintiff's allegations and defendants' defenses.**

**Defendants reserve the right to supplement this Response, as necessary.**

**Interrogatory No. 2:** Identify all individuals who assisted or provided substantive information in connection with the preparation of Your responses to

4

these Interrogatories and/or IHG's Requests for Production of Documents and Things.

**RESPONSE:   Subject to and without waiving their General Objections, Defendants respond as follows:**

       **Sikandar Malik**
       **c/o Ian E. Smith, Esq.**
       **Spire Law, PLLC**
       **2572 W. State Rd. 426**
       **Suite 2088**
       **Oviedo, FL 32765**
       **407-494-0135**

       **Knowledge: Information regarding plaintiff's allegations and defendants' defenses.**

**Interrogatory No. 3:** Identify and describe in detail all facts and circumstances that You contend support your Second Defense, including with the respect to the allegation that "all compensation owed has been paid."

**RESPONSE: Subject to and without waiving the General Objections, Defendants respond that their Second Defense is based on the fact that Defendants have paid any fee, compensation, or renumeration due to Plaintiffs.**

**Interrogatory No. 4:** Identify and describe in detail all facts and circumstances that You contend support your Third Defense.

**RESPONSE: Subject to and without waiving the General Objections, Defendants respond that their Third Defense is based on the fact that Plaintiffs have acted in bad faith, with unclean hands, in the manner in which they administered and terminated the parties' license agreement.**

**Interrogatory No. 5:** Identify and describe in detail all facts and circumstances that You contend support your Fourth Defense.

**RESPONSE: Subject to and without waiving the General Objections, Defendants respond that their Fourth Defense is that they have not acted**

**willfully with regard to Plaintiff concerning any alleged violation.**

**Interrogatory No. 6:** Identify and describe in detail all facts and circumstances that You contend support your Fifth Defense.

**RESPONSE: Subject to and without waiving the General Objections, Defendants respond that their Fifth Defense is based on the fact that Defendants acted in good faith in all respects concerning the Plaintiff.**

**Interrogatory No. 7:** Identify and describe in detail all facts and circumstances that You contend support your Seventh Defense.

**RESPONSE: Subject to and without waiving the General Objections, Defendants will withdraw their Seventh Defense concerning improper venue.**

**Interrogatory No. 8:** Identify any and all Persons that have owned and/or operated the Hotel at any time since execution of the License Agreement, including the dates during which each such company operated the Hotel.

**RESPONSE:   Sikandar Malik and Sarah Malik.**

**Interrogatory No. 9:** Identify and describe any and all efforts You made to de-identify the Hotel following expiration of the License Agreement on October 1, 2024, including the Persons involved in the de-identification process.

**RESPONSE: Subject to and without waiving the General Objections, Defendants respond as follows:  On October 1, 2024, the Hotel was logged out of the OPERA property system, Defendants immediately stopped using the name "Holiday Inn," the Hotel's name was changed to "Aspen Hotel," all signs, symbols, trademarks, and franchise-related items were removed; Defendants followed and completed a detailed checklist provided by IHG; and facilitated an inspection by an IHG inspector.**

**Interrogatory No. 10:** State the date on which You fully de-identified the Hotel.

**RESPONSE:  The de-deidentification process was completed within 30 days of October 1, 2024.**

6

**Interrogatory No. 11:** Identify all sources of the Hotel's bookings from the start of the term of the License Agreement to the present.

**RESPONSE: Subject to and without waiving the General Objections, Defendants responds as follows: the Hotel's booking were provided through the Hotel's front desk number, Booking.com, Expedia.com, and the Franchisor's 800-number.**

**Interrogatory No. 12:** Identify all Persons with knowledge Concerning the Hotel's performance, from occupancy, revenue, and profit perspective. For each Person include the relevant time period and nature of their knowledge.

**RESPONSE: Sam Malik.**

**Interrogatory No. 13:** State the Gross Rooms Revenue (as that term is defined in the License Agreement) for the Hotel for each month beginning in October 2024 through the date of these Interrogatories.

**Interrogatory No. 13:** State the Gross Rooms Revenue (as that term is defined in the License Agreement) for the Hotel for each month beginning in October 2024 through the date of these Interrogatories.

**RESPONSE: Defendants object to producing information that arose after the date of filing of the complaint (May 6, 2025) on the grounds that the information is not relevant to any party's claims or defenses and, therefore, not proportional to the needs of the case. Information arising *after* filing the complaint cannot affect what was known or believed *at the time of the complaint*, so it lacks any tendency to influence the determination of issues raised in the Complaint. Subject to and without waiving the foregoing objection or the General Objections, Defendants state that between October 2024 and May 2025 gross monthly room revenue was between $2,000 - $5,000.**

**Interrogatory No. 14:** State the total amount of net profit or loss for the hotel for each month beginning in October 2024 through the date of these Interrogatories.

**RESPONSE: Defendants object to producing information that arose after the date of filing of the complaint (May 6, 2025) on the grounds that the information is not relevant to any party's claims or defenses and, therefore, not proportional to the needs of the case. Information arising *after* filing the complaint cannot affect what was known or believed *at the time of the complaint*, so it lacks any**

**tendency to influence the determination of issues raised in the Complaint. Subject to and without waiving the foregoing objection or the General Objections, Defendants state that between October 2024 and May 2025, the Hotel experienced a net monthly loss between $46,000 - $65,000.**

**Interrogatory No. 15:** Do You dispute the calculation or total principal amount of unpaid System Fees that IHG seeks in the Complaint, including as set forth in Paragraph 36 and Exhibit D of the Complaint? If so, state all bases You have to dispute the calculation and/or principal amount of System Fees, including all facts and circumstances that You rely on to support such dispute, and itemize the amounts that You contend You owe, if any.

**RESPONSE:  Defendants dispute the interest and other calculations set forth in Ex. D to the Complaint because the parties never agreed to the underlying inputs and Defendants dispute the franchisor's application of the interest calculation.**

**Interrogatory No. 16:** State whether You have any other basis to dispute any element or amount of other damages that IHG seeks in the Complaint, including as set forth in Paragraphs 64 and 75 of the Complaint? If so, state all bases You contend supports such dispute, all facts and circumstances that You rely on to support such dispute, and itemize the amounts that You contend You owe as to the disputed item, if any.

**RESPONSE: Subject and without waiving their General Objections, Defendants dispute the damages referenced in Paragraphs 64 and 75 of the Complaint.  In further response, Defendants refer Plaintiff to their response to Interrogatory No. 15.**

**Interrogatory No. 17:** If You contend that IHG or anyone affiliated with IHG made any admission or statements against interest, set forth the identity of the individual making the alleged statement, the date, time, substance and location in which the alleged statement was made, all witnesses thereto, and identify all documents that refer to, evidence, or reflect the same.

**RESPONSE: Defendants do not contend that anyone affiliated with IHG has made an admission or statement against its interest.**

8

**Interrogatory No. 18:** Identify all persons from whom you have obtained written, recorded, or oral statements regarding the subject matter of this litigation. For each statement, please identify the date the statement was taken or made, the person who obtained the statement, and the information contained within the statement.

**RESPONSE: None.**

**Interrogatory No. 19:** Please identify all lawsuits that you or any Defendant has been a party to and provide the following:

    a.  The style of the case (i.e., full case name and number);

    b.  The name of the court in which the case is or was pending;

    c.  A brief description of the issues raised in the lawsuit; and

    d.  A description of the outcome or resolution of the lawsuit, if any.

**RESPONSE:** **Defendants object to personal lawsuits as not relevant. Subject to and without waiving their General Objections, Defendants identify the following*: Holiday Hospitality Franchising v. Aspen Grand Hotels LLC et al.*, Civ. Act. No. 1:25-cv-05379-VMC (N.D. Ga. filed Sept. 19, 2025). The case concerns trademark infringement arising from the termination of the parties' license agreement. The case is pending.**

**Interrogatory No. 20:** Please state whether you or any Defendant has ever filed for bankruptcy and provide the style of the suit, the date filed, the place, court, result (whether settlement, judgment or otherwise), all persons with knowledge of said suit and identify any and all documents which refer to, evidence or reflect same.

**RESPONSE: Not applicable.**

**<u>Interrogatory No. 21:</u>** For     any response to Plaintiffs' Requests for Admission that You did not admit without qualification, describe with particularity the basis for Your denial or refusal to admit the Request for Admission without qualification, and identify any document that You contend supports Your denial or

refusal to admit the Request for Admission without qualification.

**RESPONSE: Defendants refer Plaintiffs to their responses to Plaintiff's First Request for Admissions.**

# EXHIBIT C

**Anne Baroody**
Partner
abaroody@bradley.com
(404) 868-2011 direct



February 10, 2026

<u>**Via E-Mail**</u>

Ian E. Smith
Spire Law, LLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765
ian@spirelawfirm.com

> RE: Deficiencies in Defendants' Discovery Responses in *Six Continents Hotels, Inc. et al. v. Asam Hotels Inc. et. al.*, Case No. 1:25-cv-02502-TWT

Ian:

We are writing regarding Defendants' Responses and Objections to Plaintiffs' First Interrogatories, First Requests for Production of Documents ("RFP"), and First Requests for Admission ("RFA") served on December 19, 2025. After reviewing these responses, we have identified several deficiencies that we ask Defendants to cure promptly.

In accordance with the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of the Northern District of Georgia, please accept this letter as Plaintiffs' attempt to resolve these issues without court intervention. This correspondence is not intended to be exhaustive, and Plaintiffs reserve the right to identify additional deficiencies as discovery proceeds. We may paraphrase certain requests for ease of reference, but nothing in this letter is intended to waive or limit the requests as served by Plaintiffs on October 31, 2025.

As an initial matter, Defendants' discovery responses suffer from several overarching deficiencies that should be addressed before turning to the individual requests. Defendants assert sweeping "General Objections" to the Interrogatories and Requests for Production. Boilerplate and generalized objections of this kind are improper in this district and under the Federal Rules of Civil Procedure. *See* FRCP Rules 33(b)(4) and 34(b)(2)(B). Defendants should identify, with particularity, what information or documents, if any, are being withheld based on these objections. To the extent Defendants are withholding responsive information or documents on the basis of attorney-client privilege or the work-product doctrine, Defendants should provide an appropriate privilege log reflecting this withholding.

Further, while Defendants' responses indicated that responsive documents would be produced, no such documents have been produced to date. Plaintiffs request that Defendants promptly produce the documents responsive to Plaintiffs' discovery requests.

Ian E. Smith
February 10, 2026
Page 2

Plaintiffs likewise have not received a verification of Defendants' interrogatory responses, as required by Rule 33. Please promptly provide a verification of Defendants' interrogatory responses as well.

**Defendants' Responses to Requests for Production**

**RFP No. 6**

Plaintiffs' RFP No. 6 sought documents concerning Aspen's operating agreement and documents evidencing the structure, ownership, and control of Aspen, including upstream entities. Defendants objected that the request is not relevant and not proportional to the needs of the case and further asserted that the term "upstream legal entities" is vague.

Defendants' objection is meritless because Plaintiffs are entitled to understand the ownership and organizational structure of Aspen. Plaintiffs have alleged that Aspen operated the Hotel and used IHG's trademarks without authorization during the relevant period. Documents reflecting Aspen's ownership, control, and corporate structure are thus directly relevant to Plaintiffs' trademark infringement claims, including with respect to willful infringement attributable to Aspen through the knowledge of its principals, and proportional to the needs of the case. Defendants should withdraw this objection and produce responsive documents. To the extent Defendants contend that no upstream entities exist, Defendants should expressly confirm that fact.

**RFP No. 7**

Plaintiffs' RFP No. 7 sought documents and communications concerning Defendants' use or display of the HOLIDAY INN EXPRESS marks after October 1, 2024. Defendants responded by denying use of the marks and stating that no responsive documents exist.

A denial of conduct is not a proper response to a request for production. Moreover, the record includes evidence unequivocally contradicting Defendants' assertion, including dated images incorporated into Plaintiffs' Verified Complaint, showing continued branding after October 1, 2024. Defendants should identify the steps taken to search for responsive documents and produce all responsive materials, including photographs, signage records, communications, online listings, invoices or work orders reflecting the date that IHG's marks and signage were removed from the Hotel, and other identifying materials related to the Hotel's use of IHG's marks after October 1, 2024.

**RFP Nos. 15 and 16**

Plaintiffs' RFP Nos. 15 and 16 sought financial records and documents concerning the Hotel's finances, financial performance, and occupancy from October 1, 2024 through the date of the requests. Defendants objected to producing documents created after the filing of the Complaint on relevance grounds and limited their responses accordingly.

Ian E. Smith
February 10, 2026
Page 3

Defendants' articulated objection is improper. Plaintiffs allege that Defendants' misuse of IHG's trademarks continued beyond the filing of the Complaint, and financial records reflecting the Hotel's revenues, profits, losses, occupancy, and overall financial performance after that date are directly relevant to the calculation of damages arising from that infringing conduct. Defendants have identified no basis to limit discoverable damages evidence to the filing of the Complaint, nor have they identified any authority to support such a limitation. Defendants should therefore withdraw this objection and produce responsive documents for the full time period requested.

## RFP No. 21

Plaintiffs' RFP No. 21 sought Defendants' federal, state, and local tax returns filed within the last three years. Defendants objected that the request is not relevant and is unduly intrusive.

Defendants' objection is meritless. Documents concerning Defendants' financial performance and revenues, including tax documents, are directly relevant to Plaintiffs' damages claims under the Lanham Act. To the extent Defendants have concerns regarding confidentiality, those concerns can be adequately addressed through an appropriate confidentiality designation and do not justify withholding responsive materials altogether. Defendants should therefore withdraw this objection and produce responsive tax returns.

### Defendants' Responses to Interrogatories

## Interrogatory No. 3

Interrogatory No. 3 sought the identification of all facts supporting Defendants' contention that all compensation owed to Plaintiffs has been paid. Defendants responded with a conclusory statement that they have paid all amounts "due to Plaintiffs."

Defendants' response is wholly deficient. Defendants do not identify any payments or supporting facts regarding these purported payments to Plaintiffs. Plaintiffs request that Defendants cure these deficiencies and supplement their response by identifying all payments made, including dates, amounts, recipients, and providing the factual basis for their contention that and or all amounts alleged in the Complaint have been paid.

## Interrogatories Nos. 4–6

Interrogatories Nos. 4-6 sought the facts supporting Defendants' Third, Fourth, and Fifth affirmative defenses. Rather than identifying any facts, Defendants' responses merely recite the legal conclusions underlying those defenses. Plaintiffs are entitled to know the facts Defendants contend support each defense, including the acts, dates, and persons involved. Defendants were required to have a good faith basis to plead each such defense, based on facts that are subject to discovery. Defendants should promptly supplement their responses with specific factual detail supporting each asserted defense.

Ian E. Smith
February 10, 2026
Page 4

**Interrogatory No. 8**

Interrogatory No. 8 sought identification of all individuals and entities that owned and/or operated the Hotel since execution of the License Agreement, including the dates during which each operated the Hotel. Defendants' response identifies only individuals and does not identify any entities or time periods. This response is deficient. Defendants should supplement by identifying whether Asam Hotels Inc., Aspen Hotels LLC, or any other entity owned and/or operated the Hotel and the dates associated with each individual's or entity's respective period of operation.

**Interrogatory No. 10**

Interrogatory No. 10 sought the date on which Defendants contend the Hotel was fully de-identified following termination of the License Agreement. Defendants responded that the de-identification process was completed "within 30 days of October 1, 2024."

The record and evidence to date, including dated photographs and other materials incorporated in Plaintiffs' Verified Complaint, irrefutably show that this contention is false and demonstrate that the Hotel continued to display HOLIDAY INN EXPRESS branding well into 2025 including at least as late as April 2025. Defendants should therefore supplement this response by identifying the specific date on which Defendants contend de-identification was completed and the facts supporting that contention. Moreover, any response to this Interrogatory (as noted above) must be made by Defendants ***under oath***. Fed. R. Civ. P. 33.

**Interrogatory Nos. 13 and 14**

Interrogatory Nos. 13 and 14 sought Defendants' monthly Gross Rooms Revenue and net profit or loss beginning in October 2024 through the present. Defendants objected to providing information after the filing of the Complaint and provided only broad ranges through May 2025. For the reasons stated above regarding RFP Nos. 15 and 16, Defendants should supplement these responses to provide complete monthly figures through the present and identify the documents supporting those figures.

**Interrogatory Nos. 15 and 16**

Interrogatory Nos. 15 and 16 sought the bases for Defendants' disputes regarding Plaintiffs' claimed damages and required Defendants to itemize the amounts they contend are not owed, if any. Defendants' responses do not identify specific disputes, calculations, or supporting facts.

Defendants should provide full supplemental responses identifying precisely what is disputed, the factual basis for each dispute, and the amounts Defendants contend are not owed. If Defendants do not supplement to provide such facts and detail, Plaintiffs will understand that Defendants have no factual basis to dispute the amounts at issue.

Ian E. Smith
February 10, 2026
Page 5

## Interrogatory No. 19

Interrogatory No. 19 sought identification of all lawsuits in which Defendants have been parties. Defendants objected on the ground that information regarding other lawsuits is not relevant.

Defendants' objection is improper. Plaintiffs are entitled to the information requested as the existence and nature of other litigation involving Defendants is discoverable and may lead to relevant information or admissions related to, among other things, issues including Defendants' business practices, the defenses asserted in this action, and the scope of potential damages. Requests of this nature are routine and generally uncontroversial in discovery. This Interrogatory is not unduly burdensome, as it merely requires Defendants to identify responsive lawsuits. Defendants should supplement by fully identifying all responsive lawsuits as requested.

## Interrogatory No. 21

Interrogatory No. 21 sought in relation to each Request for Admission not admitted without qualification, a description of the factual basis for the denial and identification of supporting documents related thereto. Defendants merely referred Plaintiffs back to their Requests for Admission responses.

Defendants' response is deficient and non-responsive. Defendants did not provide a substantive response addressing their various denials and qualified admissions, which as explained below raise significant questions regarding the basis for same. Plaintiffs requested that Defendants describe the particular factual bases for each denial or qualified admission and identify any supporting documents, but Defendants' response does not address those requests. As discussed further below, Plaintiffs do not believe there is a good-faith basis for Defendants' denials with respect to certain RFAs. Plaintiffs request that Defendants provide a *verified* supplemental response to this Interrogatory confirming that their responses to the Requests for Admission are accurate and identifying the facts, witnesses, and documents supporting each denial or qualified admission.

### Defendants' Responses to Requests for Admission

## RFA Nos. 3; 5-6

Requests for Admission Nos. 3, 5, and 6 asked Defendants to admit (i) that Defendants failed to pay System Fees due under the License Agreement, (ii) that Defendants continued to use the HOLIDAY INN EXPRESS marks after termination of the License Agreement, and (iii) that, as recently as May 2025, the Hotel was still wholly or partially identified as a Holiday Inn Express® branded hotel.

Defendants responded with unqualified denials to each of these Requests. As noted above, however, irrefutable evidence and facts developed to date—including dated photographs showing continued branding after termination—plainly contradict Defendants' discovery denials.

Ian E. Smith
February 10, 2026
Page 6

Accordingly, Plaintiffs request that Defendants withdraw their baseless denials and supplement their responses to RFAs 3, 5, and 6. To the extent Defendants contend there is a good faith basis for their denials, please provide a *verified* explanation of the factual basis for each denial as requested in the related Interrogatory No. 21.

Plaintiffs expressly reserve all rights under Rules 36 and 37, and any other applicable provisions of the Federal Rules, to seek appropriate relief for baseless denials, including the right to seek attorneys' fees, should these deficiencies not be cured.

* * *

This letter is being sent in a good-faith effort to resolve these discovery deficiencies without the need for court intervention. Please supplement Defendants' discovery responses and produce responsive documents no later than **February 17, 2026**, and/or advise promptly of your availability to meet and confer on these issues before that date.

Sincerely,

Anne Horn Baroody

# EXHIBIT D

| **From:** | Ian Smith |
|---|---|
| **To:** | Baroody, Anne |
| **Cc:** | Sarah Hander; Williams, Skylar |
| **Subject:** | RE: EXT: RE: Six Continents Hotels et al. v. Asam Hotels LLC et al. - Discovery Deficiencies |
| **Date:** | Friday, February 13, 2026 2:07:53 PM |
| **Attachments:** | image001.png |

Anne,

I am not going to be able to make our 3pm call.  Can we move our call to Tuesday morning at 11am EST or whatever works for you thereafter?

Ian


Ian E. Smith, Esq. | Partner



**SPIRE LAW**

ian@spirelawfirm.com | 212.335.0018
www.spirelawfirm.com
Offices in Atlanta and New York

---

**From:** Baroody, Anne <abaroody@bradley.com>
**Sent:** Tuesday, February 10, 2026 2:48 PM
**To:** Ian Smith <ian@spirelawfirm.com>
**Cc:** Sarah Hander <sarah@spirelawfirm.com>; Williams, Skylar <swilliams@bradley.com>
**Subject:** RE: EXT: RE: Six Continents Hotels et al. v. Asam Hotels LLC et al. - Discovery Deficiencies

That time works for me. If possible given your travels, please send us some workable dates for the Maliks' depositions and the 30(b)(6) depos, if those will be different individuals.


**Anne Baroody**
Partner | Bradley
abaroody@bradley.com
d: 404.868.2011

---

**From:** Ian Smith <ian@spirelawfirm.com>
**Sent:** Tuesday, February 10, 2026 2:41 PM
**To:** Baroody, Anne <abaroody@bradley.com>
**Cc:** Sarah Hander <sarah@spirelawfirm.com>; Williams, Skylar <swilliams@bradley.com>
**Subject:** RE: EXT: RE: Six Continents Hotels et al. v. Asam Hotels LLC et al. - Discovery Deficiencies

Anne, Skylar:

I am in mediations and traveling this week, so this week is tough for me.  But we can pencil-in Friday afternoon about 3pm.   Would that work?

Ian


Ian E. Smith, Esq.  |  Partner



S P I R E   L A W

ian@spirelawfirm.com  |  212.335.0018
www.spirelawfirm.com
Offices in Atlanta and New York

---

**From:** Baroody, Anne <abaroody@bradley.com>
**Sent:** Tuesday, February 10, 2026 2:33 PM
**To:** Ian Smith <ian@spirelawfirm.com>
**Cc:** Sarah Hander <sarah@spirelawfirm.com>; Williams, Skylar <swilliams@bradley.com>
**Subject:** EXT: RE: Six Continents Hotels et al. v. Asam Hotels LLC et al. - Discovery Deficiencies

*** CAUTION: External sender. Use caution when clicking links or opening attachments. ***

Ian,

In addition to the items identified in our letter, I would like to set a time to speak with you this week about the remaining discovery work in this case. As you know, the current deadline to complete discovery is March 2, 2026. We are preparing HHF's document production and hope to begin a rolling production by the end of this week, completing the production next week. We likewise need to receive Defendants' production and supplemental discovery responses next week, as outlined in our letter.

I would also like to discuss scheduling depositions for Mr. Malik and a 30(b)(6) representative of Asam and Aspen.

I am available tomorrow (except 1:00-1:30), Thursday after 2:30, or Friday except 10:30-1:00. Please let me know if there is a time that works for you.

**Anne Baroody**

Partner | Bradley

abaroody@bradley.com

d: 404.868.2011

---

**From:** Williams, Skylar <swilliams@bradley.com>
**Sent:** Tuesday, February 10, 2026 11:39 AM
**To:** Ian Smith <ian@spirelawfirm.com>
**Cc:** Baroody, Anne <abaroody@bradley.com>; Sarah Hander <sarah@spirelawfirm.com>
**Subject:** Six Continents Hotels et al. v. Asam Hotels LLC et al. - Discovery Deficiencies

Ian,

Please see the attached correspondence regarding Defendants' discovery responses in the above referenced matter.

Best,

Skylar

Bradley



**Skylar Williams**
Associate
e: swilliams@bradley.com  w: bradley.com
d: 404.868.2013
Bradley Arant Boult Cummings LLP
Promenade Tower, 1230 Peachtree Street NE, Suite 2100
Atlanta, GA 30309

---

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

| From: | Baroody, Anne |
|---|---|
| To: | Ian Smith |
| Cc: | Coleman, Ron; Williams, Skylar |
| Subject: | RE: EXT: RE: Activity in Case 1:25-cv-05379-VMC Holiday Hospitality Franchising, LLC v. Aspen Grand Hotels LLC et al Answer to Counterclaim |
| Date: | Tuesday, February 17, 2026 11:06:31 AM |
| Attachments: | image001.png |

Ian,

IHG intends to move forward with completing discovery, including obtaining full discovery responses and documents from Defendants (through a motion to compel if necessary), and taking the depositions of all Defendants next week. I was hoping to confer with you today as a courtesy to schedule the depos at a time and place that work for everyone. If you are not authorized to meet with me to do that, then we will proceed in Houston next week at the noticed time and place for all four depositions. I do note that the two depositions noticed for 2/27 should have been noticed sequentially. We will take Mrs. Malik's deposition beginning at 10:00 AM and will proceed to take the deposition of Aspen's corporate designee following conclusion of Mrs. Malik's deposition.

IHG's current demand is the full value of the claims asserted in both actions, including interest and attorneys' fees accrued on all such amounts. As I explained on Friday, it is incumbent on your clients to make a serious proposal to try to resolve all claims in both actions. If Defendants will make a serious proposal, we remain open to discussing settlement.

I joined our scheduled call at 11:00 to see if we could confer. You did not join the call, which I will understand is based on your clients' instructions noted below.

**Anne Baroody**
Partner | Bradley
abaroody@bradley.com
d: 404.868.2011

---

**From:** Ian Smith <ian@spirelawfirm.com>
**Sent:** Tuesday, February 17, 2026 10:35 AM
**To:** Baroody, Anne <abaroody@bradley.com>
**Cc:** Coleman, Ron <rtcoleman@bradley.com>; Williams, Skylar <swilliams@bradley.com>
**Subject:** RE: EXT: RE: Activity in Case 1:25-cv-05379-VMC Holiday Hospitality Franchising, LLC v. Aspen Grand Hotels LLC et al Answer to Counterclaim

Anne,

My client is reviewing Plaintiff's deficiency letter and has asked me to cease any further work on the matters until I am advised otherwise.

In the interim, please provide a settlement demand in each of the pending actions.  Thanks.

Ian


Ian E. Smith, Esq. | Partner



ian@spirelawfirm.com | 212.335.0018
www.spirelawfirm.com
Offices in Atlanta and New York

---

**From:** Baroody, Anne <abaroody@bradley.com>
**Sent:** Friday, February 13, 2026 4:33 PM
**To:** Ian Smith <ian@spirelawfirm.com>
**Cc:** Coleman, Ron <rtcoleman@bradley.com>; Williams, Skylar <swilliams@bradley.com>
**Subject:** EXT: RE: Activity in Case 1:25-cv-05379-VMC Holiday Hospitality Franchising, LLC v. Aspen Grand Hotels LLC et al Answer to Counterclaim

*** CAUTION: External sender. Use caution when clicking links or opening attachments. ***

Ian – Please see attached courtesy copies of the notices of deposition served today via US Mail. We can confer next week regarding location and dates that work for everyone.

**Anne Baroody**
Partner | Bradley
abaroody@bradley.com
d: 404.868.2011

---

**From:** Baroody, Anne
**Sent:** Friday, February 13, 2026 4:05 PM
**To:** Ian Smith <ian@spirelawfirm.com>
**Cc:** Coleman, Ron <rtcoleman@bradley.com>; Williams, Skylar <swilliams@bradley.com>
**Subject:** FW: Activity in Case 1:25-cv-05379-VMC Holiday Hospitality Franchising, LLC v. Aspen Grand Hotels LLC et al Answer to Counterclaim

# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

SIX CONTINENTS HOTELS, INC.
and HOLIDAY HOSPITALITY
FRANCHISING, LLC,

          Plaintiffs,

v.

ASAM HOTELS INC., ASPEN
HOTELS LLC, SIKANDAR A.
MALIK, AND SARAH MALIK,

          Defendants.

CASE NO.: 1:25-CV-02502-TWT

### NOTICE OF DEPOSITION OF DEFENDANT SIKANDAR A. MALIK

**To:    Sikandar A. Malik**
c/o Ian E. Smith, Esq.
Spire Law PLLC
2572 W State Rd 426
Suite 2088
Oviedo, FL 32765
Tel: 407-494-0135
ian@spirelawfirm.com

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(1), counsel for Plaintiffs Six Continents Hotels, Inc. and Holiday Hospitality Franchising, LLC (collectively "IHG"), will take the deposition of Defendant Sikandar A. Malik on **February 25, 2026**, beginning at 9:00 a.m. CT at the offices of Bradley Arant Boult Cummings LLP, 600 Travis Street Suite 5600, Houston, TX

4931-2531-5727.1

77002. The deposition will take place before an officer duly authorized to administer

oaths and will continue day to day until completed. The deposition will be recorded

by stenographic and/or video-graphic means.

Respectfully submitted this 13th day of February, 2026.

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ Anne Horn Baroody*
Ronald T. Coleman, Jr.
Georgia Bar No. 177655
Anne H. Baroody
Georgia Bar No. 475569
Skylar D. Williams
Georgia Bar No. 418478

Bradley Arant Boult Cummings LLP
1230 Peachtree Street NE, 21st Floor
Atlanta, Georgia 30309
rtcoleman@bradley.com
abaroody@bradley.com
swilliams@bradley.com

*Counsel for Plaintiffs Six Continents*
*Hotels, Inc. and Holiday Hospitality*
*Franchising, LLC*

4931-2531-5727.1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing **NOTICE OF DEPOSITION OF DEFENDANT SIKANDAR A. MALIK** by sending a copy of same via US mail and e-mail to counsel of record as follows:

> Ian E. Smith, Esq.
> Spire Law PLLC
> 2572 W State Rd 426
> Suite 2088
> Oviedo, FL 32765
> Tel: 407-494-0135
> ian@spirelawfirm.com

This 13th day of February, 2026.

*/s/ Anne Horn Baroody*

4931-2531-5727.1

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SIX CONTINENTS HOTELS, INC.
and HOLIDAY HOSPITALITY
FRANCHISING, LLC,

        Plaintiffs,

v.

ASAM HOTELS INC., ASPEN
HOTELS LLC, SIKANDAR A.
MALIK, AND SARAH MALIK,

        Defendants.

CASE NO.: 1:25-CV-02502-TWT

### NOTICE OF DEPOSITION OF DEFENDANT SARAH MALIK

**To:**   **Sarah Malik**
c/o Ian E. Smith, Esq.
Spire Law PLLC
2572 W State Rd 426
Suite 2088
Oviedo, FL 32765
Tel: 407-494-0135
ian@spirelawfirm.com

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(1), counsel for Plaintiffs Six Continents Hotels, Inc. and Holiday Hospitality Franchising, LLC (collectively "IHG"), will take the deposition of Defendant Sarah Malik on **February 27, 2026**, beginning at 9:00 a.m. CT at the offices of Bradley Arant Boult Cummings LLP, 600 Travis Street Suite 5600, Houston, TX 77002. The

4936-0372-8527.2

deposition will take place before an officer duly authorized to administer oaths and will continue day to day until completed. The deposition will be recorded by stenographic and/or video-graphic means.

Respectfully submitted this 13th day of February, 2026.

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ Anne Horn Baroody*
Ronald T. Coleman, Jr.
Georgia Bar No. 177655
Anne H. Baroody
Georgia Bar No. 475569
Skylar D. Williams
Georgia Bar No. 418478

Bradley Arant Boult Cummings LLP
1230 Peachtree Street NE, 21st Floor
Atlanta, Georgia 30309
rtcoleman@bradley.com
abaroody@bradley.com
swilliams@bradley.com

*Counsel for Plaintiffs Six Continents
Hotels, Inc. and Holiday Hospitality
Franchising, LLC*

4936-0372-8527.2

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing **NOTICE OF DEPOSITION OF DEFENDANT SARAH MALIK** by sending a copy of same via US mail and e-mail to counsel of record as follows:

> Ian E. Smith, Esq.
> Spire Law PLLC
> 2572 W State Rd 426
> Suite 2088
> Oviedo, FL 32765
> Tel: 407-494-0135
> ian@spirelawfirm.com

This 13th day of February, 2026.

*/s/ Anne Horn Baroody*

4936-0372-8527.2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SIX CONTINENTS HOTELS, INC. and HOLIDAY HOSPITALITY FRANCHISING, LLC, | ) ) ) ) | |
| | ) | Case No.: 1:25-cv-02502-TWT |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ASAM HOTELS INC., ASPEN HOTELS LLC, SIKANDAR A. MALIK, and SARAH MALIK, | ) ) ) ) ) | |
| Defendants. | | |

## NOTICE OF DEPOSITION OF ASPEN HOTELS LLC
## PURSUANT TO RULE 30(B)(6)

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiffs Six Continents Hotels, Inc. and Holiday Hospitality Franchising, LLC (collectively "IHG") will take the oral deposition of a corporate representative of Defendant Aspen Grand Hotels LLC ("Aspen") through one or more officers, directors, managing agents, or other persons who Aspen shall designate to testify on its behalf with respect to the matters set forth in Exhibit A attached hereto. The deposition shall commence at 9:00 am CT on February 27, 2026 at the offices of Bradley Arant Boult Cummings LLP, 600 Travis Street Suite 5600, Houston, TX 77002.

1

The deposition will be conducted under oral examination before an officer authorized to administer oaths and pursuant to Federal Rules of Civil Procedure 28 and 30. The deposition will be recorded by video and stenographic means and will continue from day to day with such adjournments as to time and place that may be necessary, until completed. The deposition is being taken for the purpose of discovery, for use at trial, and/or for such other purposes as are permitted under the applicable rules.

Aspen is hereby directed, pursuant to Fed. R. Civ. P. 30(b)(6), to designate one or more employees, officers, directors, managing agents, or other persons who are knowledgeable or consent to testify on its behalf with respect to each of the subjects set forth in Exhibit A hereto.

Respectfully submitted this 13th day of February, 2026.

/s/ Anne Horn Baroody
Ronald T. Coleman, Jr.
Georgia Bar No. 177655
Anne H. Baroody
Georgia Bar No. 475569
Skylar D. Williams
Georgia Bar No. 418478

Bradley Arant Boult Cummings LLP
1230 Peachtree Street NE, 21st Floor
Atlanta, Georgia 30309

*Counsel for Plaintiffs Six Continents Hotels, Inc. and Holiday Hospitality Franchising, LLC*

2

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing **NOTICE**

**OF DEPOSITION OF ASPEN HOTELS LLC PURSUANT TO RULE 30(B)(6)**

by sending a copy of same via US mail and e-mail to counsel of record as follows:

Ian E. Smith, Esq.
Spire Law PLLC
2572 W State Rd 426
Suite 2088
Oviedo, FL 32765
Tel: 407-494-0135
ian@spirelawfirm.com

This 13th day of February, 2026.

*/s/ Anne Horn Baroody*

3

**EXHIBIT A: TOPICS**

1.     Aspen's formation, organizational structure, ownership, membership interests, managers, officers, decision-makers, and all parent, subsidiary, affiliated, or upstream entities, including any changes in ownership, control, or management at any time relevant to this action.

2.     Aspen's ownership, operation, management, supervision, control, or involvement in the Hotel located at 908 West G. Street, La Porte, Texas, including but not limited to the identity of all persons or entities involved, the time periods of such involvement, and the allocation of operational responsibilities.

3.     Aspen's use, display, advertising, marketing, online listing, or other exploitation of the HOLIDAY INN EXPRESS Marks after October 1, 2024, including the duration, manner, scope, and any revenues generated during such period.

4.     All efforts undertaken to de-identify the Hotel following expiration of the License Agreement, including but not limited to removal of signage, branded materials, digital listings, and third-party platform references; the timing of each such action; the individuals involved; and the date Aspen contends the Hotel was fully de-identified.

5.     The financial performance of the Hotel from October 1, 2024 to present, including but not limited to gross rooms revenue, net revenue, profit and loss,

4

occupancy, booking sources, capital contributions, distributions, financial statements, balance sheets, general ledgers, tax filings, and internal financial analyses, and all revenue generated from continued operations after termination.

6. Customer complaints, guest feedback, safety issues, and any other quality issues at the Hotel from October 1, 2024 to the time the Hotel was fully de-identified.

7. Correspondence between Aspen, or any representative on behalf of Asam, and IHG, or any representative of IHG, relating to or following expiration of the License Agreement.

8. All documents produced by Aspen in response to Plaintiffs' First Requests for Production for Documents.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SIX CONTINENTS HOTELS, INC. and HOLIDAY HOSPITALITY FRANCHISING, LLC, | ) ) ) ) | |
| | ) | Case No.: 1:25-cv-02502-TWT |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ASAM HOTELS INC., ASPEN HOTELS LLC, SIKANDAR A. MALIK, and SARAH MALIK, | ) ) ) ) ) | |
| Defendants. | | |

**NOTICE OF DEPOSITION OF ASAM HOTELS INC.
PURSUANT TO RULE 30(B)(6)**

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiffs Six Continents Hotels, Inc. and Holiday Hospitality Franchising, LLC (collectively "IHG") will take the oral deposition of a corporate representative of Defendant Asam Hotels Inc. ("Asam") through one or more officers, directors, managing agents, or other persons who Asam shall designate to testify on its behalf with respect to the matters set forth in Exhibit A attached hereto. The deposition shall commence at 9:00 am CT on February 26, 2026 at the offices of Bradley Arant Boult Cummings LLP, 600 Travis Street Suite 5600, Houston, TX 77002.

1

The deposition will be conducted under oral examination before an officer authorized to administer oaths and pursuant to Federal Rules of Civil Procedure 28 and 30. The deposition will be recorded by video and stenographic means and will continue from day to day with such adjournments as to time and place that may be necessary, until completed. The deposition is being taken for the purpose of discovery, for use at trial, and/or for such other purposes as are permitted under the applicable rules.

Asam is hereby directed, pursuant to Fed. R. Civ. P. 30(b)(6), to designate one or more employees, officers, directors, managing agents, or other persons who are knowledgeable or consent to testify on its behalf with respect to each of the subjects set forth in Exhibit A hereto.

Respectfully submitted this 13th day of February, 2026.

*/s/ Anne Horn Baroody*
Ronald T. Coleman, Jr.
Georgia Bar No. 177655
Anne H. Baroody
Georgia Bar No. 475569
Skylar D. Williams
Georgia Bar No. 418478

Bradley Arant Boult Cummings LLP
1230 Peachtree Street NE, 21st Floor
Atlanta, Georgia 30309

*Counsel for Plaintiffs Six Continents*
*Hotels, Inc. and Holiday Hospitality*
*Franchising, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the within and foregoing **NOTICE OF DEPOSITION OF ASAM HOTELS INC. PURSUANT TO RULE 30(B)(6)** by sending a copy of same via US mail and e-mail to counsel of record as follows:

> Ian E. Smith, Esq.
> Spire Law PLLC
> 2572 W State Rd 426
> Suite 2088
> Oviedo, FL 32765
> Tel: 407-494-0135
> ian@spirelawfirm.com

This 13th day of February, 2026.

*/s/ Anne Horn Baroody*

## EXHIBIT A: TOPICS

1.    Asam's formation, organizational structure, ownership, officers, directors, and decision-makers, including any changes in ownership or control during the term of the License Agreement and thereafter.

2.    The negotiation, execution, and entry into the License Agreement and any amendments, modifications, or extensions thereto.

3.    Asam's performance under and compliance or non-compliance with the License Agreement, including but not limited to all financial obligations arising thereunder.

4.    Asam's financial defaults under the License Agreement, including the timing, nature, and amounts of any defaults.

5.    Any forbearance agreements, extensions, or other accommodations between Asam and IHG, including the nature and terms of such agreements, and Asam's compliance or non-compliance therewith.

6.    The calculation, accrual, and payment or non-payment of System Fees and any other amounts owed under the License Agreement, including amounts previously unpaid, amounts currently unpaid, the timing of payments made, and the calculation of any outstanding balances.

7.    Any dispute by Asam regarding amounts claimed due under the License Agreement, including the factual and financial basis for such dispute and the

4

calculation of any amounts Asam contends were owed or paid.

8.    Asam's ownership, operation, management, supervision, or control of the Hotel located at 908 West G. Street, La Porte, Texas, including the time periods of such involvement and the allocation of operational responsibilities among Defendants.

9.    Asam's use, display, advertising, marketing, online listing, or other exploitation of the HOLIDAY INN EXPRESS Marks after October 1, 2024, including the duration, manner, scope, and any revenues generated during such period.

10.    All efforts undertaken to de-identify the Hotel following expiration of the License Agreement, including the timing of each step taken and the date on which Asam contends the Hotel was fully de-identified.

11.    The Hotel's financial performance from execution of the License Agreement through the present, including monthly gross rooms revenue, net revenue, profit and loss, occupancy, booking sources, capital contributions, distributions, financial statements, balance sheets, general ledgers, tax filings, internal financial analyses, and all revenue generated from continued operations after termination.

12.    Customer complaints, guest feedback, safety issues, and any other quality issues at the Hotel from October 1, 2024 to the time the Hotel was fully de-

identified.

13.    Correspondence between Asam, or any representative on behalf of Asam, and IHG, or any representative of IHG, relating to or following expiration of the License Agreement.

14.    All documents produced by Asam in response to Plaintiffs' First Requests for Production for Documents.

# EXHIBIT F

**Anne Horn Baroody**
Partner
abaroody@bradley.com
404.868.2011 direct



February 19, 2026

**<u>VIA OVERNIGHT COURIER & E-MAIL</u>**

Ian E. Smith, Esq.
Spire Law, PLLC
2572 W. State Road 426
Suite 2088
Oviedo, Florida 32765

> Re:    *Six Continents Hotels, Inc. and Holiday Hospitality Franchising, LLC v. Asam Hotels Inc., Aspen Hotels LLC, Sikandar A. Malik, and Sarah Malik* (U.S.D.C., Northern District of Georgia; Civil Action # 1:25-cv-02502-TWT

Dear Ian:

On February 17, 2026, you wrote to me by email stating that your clients—Defendants Mr. Malik, Mrs. Malik, Asam Hotels Inc., and Aspen Hotels LLC—have "asked [you] to cease any further work" on this matter "until [you are] advised otherwise." At this time, however, you have not sought to withdraw from your representation of Defendants, and it is thus our understanding that you continue to represent all Defendants in the above-captioned case.

As you know, on February 13, 2026, Plaintiffs noticed the depositions of Mr. Malik, Mrs. Malik, Asam, and Aspen pursuant to Rule 30 and 30(b)(6) of the Federal Rules. The depositions are noticed to take place in Houston, TX on February 25, 26, and 27. Copies of the notices are attached hereto, along with a copy of the certificate of service filed with the Court pursuant to Local Rule 5.4 confirming these notices were duly served to you as counsel of record for Defendants. We invited you to confer about alternative dates if the noticed dates are not convenient, but you have thus far not conferred with us or indicated any scheduling conflicts. Plaintiffs need to take these depositions promptly given the impending discovery deadline.

In light of your February 17 statement, I am writing to request your immediate clarification regarding how the depositions may proceed. Please let me know **<u>by the end of business tomorrow, February 20, 2026</u>**, whether: (a) you will participate in the depositions, (b) you will not participate in the depositions but you expressly authorize us pursuant to Georgia Rule of Professional Conduct 4.2(a) to communicate directly with your clients and/or the corporate designees for Asam and Aspen outside your presence in order to take the depositions; or (c) you will not participate in the depositions and do not authorize us to take the depositions outside your presence.

If you require remote means to participate in the deposition, we will arrange for Zoom participation, but please let me know that at your earliest convenience.

Asam Hotels Inc. et al.
February 19, 2026
Page 2

If we do not receive a response from you before the end of the day tomorrow expressly confirming that the depositions can proceed under option (a) or (b), as outlined above, then we will understand that the depositions cannot proceed as noticed next week, as we will understand that you will neither participate in the depositions as counsel or record, nor authorize us to take the depositions outside your presence. In such event, Plaintiffs reserve all rights and remedies regarding your clients' refusal to appear for their duly noticed depositions, including the right to seek any available sanctions and/or attorneys' fees arising from the failure to appear pursuant to Federal Rule of Civil Procedure 37(d) and other applicable laws authorizing sanctions for failure to make discovery and/or bad-faith litigation conduct. Please accept this letter as our good faith attempt to confer with you regarding the noticed depositions.

Very Truly Yours,

Anne Horn Baroody

ABAR:rno
Enclosures
cc:    Ronald T. Coleman, Jr., Esq.
        Skylar Williams, Esq.

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SIX CONTINENTS HOTELS, INC.
and HOLIDAY HOSPITALITY
FRANCHISING, LLC,

        Plaintiffs,

v.

ASAM HOTELS INC., ASPEN
HOTELS LLC, SIKANDAR A.
MALIK, AND SARAH MALIK,

        Defendants.

CASE NO.: 1:25-CV-02502-TWT

## NOTICE OF DEPOSITION OF DEFENDANT SARAH MALIK

**To:** **Sarah Malik**
     c/o Ian E. Smith, Esq.
     Spire Law PLLC
     2572 W State Rd 426
     Suite 2088
     Oviedo, FL 32765
     Tel: 407-494-0135
     ian@spirelawfirm.com

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(1), counsel for Plaintiffs Six Continents Hotels, Inc. and Holiday Hospitality Franchising, LLC (collectively "IHG"), will take the deposition of Defendant Sarah Malik on **February 27, 2026**, beginning at 9:00 a.m. CT at the offices of Bradley Arant Boult Cummings LLP, 600 Travis Street Suite 5600, Houston, TX 77002. The

4936-0372-8527.2

deposition will take place before an officer duly authorized to administer oaths and will continue day to day until completed. The deposition will be recorded by stenographic and/or video-graphic means.

Respectfully submitted this 13th day of February, 2026.

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ Anne Horn Baroody*
Ronald T. Coleman, Jr.
Georgia Bar No. 177655
Anne H. Baroody
Georgia Bar No. 475569
Skylar D. Williams
Georgia Bar No. 418478

Bradley Arant Boult Cummings LLP
1230 Peachtree Street NE, 21st Floor
Atlanta, Georgia 30309
rtcoleman@bradley.com
abaroody@bradley.com
swilliams@bradley.com

*Counsel for Plaintiffs Six Continents*
*Hotels, Inc. and Holiday Hospitality*
*Franchising, LLC*

4936-0372-8527.2

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing **NOTICE OF DEPOSITION OF DEFENDANT SARAH MALIK** by sending a copy of same via US mail and e-mail to counsel of record as follows:

>Ian E. Smith, Esq.
>Spire Law PLLC
>2572 W State Rd 426
>Suite 2088
>Oviedo, FL 32765
>Tel: 407-494-0135
>ian@spirelawfirm.com

This 13th day of February, 2026.

>*/s/ Anne Horn Baroody*

# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SIX CONTINENTS HOTELS, INC.
and HOLIDAY HOSPITALITY
FRANCHISING, LLC,

        Plaintiffs,

v.

ASAM HOTELS INC., ASPEN
HOTELS LLC, SIKANDAR A.
MALIK, AND SARAH MALIK,

        Defendants.

CASE NO.: 1:25-CV-02502-TWT

## NOTICE OF DEPOSITION OF DEFENDANT SIKANDAR A. MALIK

**To:** **Sikandar A. Malik**
c/o Ian E. Smith, Esq.
Spire Law PLLC
2572 W State Rd 426
Suite 2088
Oviedo, FL 32765
Tel: 407-494-0135
ian@spirelawfirm.com

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure

30(b)(1), counsel for Plaintiffs Six Continents Hotels, Inc. and Holiday Hospitality

Franchising, LLC (collectively "IHG"), will take the deposition of Defendant

Sikandar A. Malik on **February 25, 2026**, beginning at 9:00 a.m. CT at the offices

of Bradley Arant Boult Cummings LLP, 600 Travis Street Suite 5600, Houston, TX

4931-2531-5727.1

77002. The deposition will take place before an officer duly authorized to administer oaths and will continue day to day until completed. The deposition will be recorded by stenographic and/or video-graphic means.

Respectfully submitted this 13th day of February, 2026.

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ Anne Horn Baroody*
Ronald T. Coleman, Jr.
Georgia Bar No. 177655
Anne H. Baroody
Georgia Bar No. 475569
Skylar D. Williams
Georgia Bar No. 418478

Bradley Arant Boult Cummings LLP
1230 Peachtree Street NE, 21st Floor
Atlanta, Georgia 30309
rtcoleman@bradley.com
abaroody@bradley.com
swilliams@bradley.com

*Counsel for Plaintiffs Six Continents Hotels, Inc. and Holiday Hospitality Franchising, LLC*

4931-2531-5727.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the within and foregoing **NOTICE**

**OF DEPOSITION OF DEFENDANT SIKANDAR A. MALIK** by sending a

copy of same via US mail and e-mail to counsel of record as follows:

> Ian E. Smith, Esq.
> Spire Law PLLC
> 2572 W State Rd 426
> Suite 2088
> Oviedo, FL 32765
> Tel: 407-494-0135
> ian@spirelawfirm.com

This 13th day of February, 2026.

> */s/ Anne Horn Baroody*

4931-2531-5727.1

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SIX CONTINENTS HOTELS, INC. )
and HOLIDAY HOSPITALITY )
FRANCHISING, LLC, )
)                    Case No.: 1:25-cv-02502-TWT
Plaintiffs, )
)
v. )
)
ASAM HOTELS INC., ASPEN )
HOTELS LLC, SIKANDAR A. MALIK, )
and SARAH MALIK, )
)
Defendants.

## NOTICE OF DEPOSITION OF ASAM HOTELS INC. PURSUANT TO RULE 30(B)(6)

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiffs Six Continents Hotels, Inc. and Holiday Hospitality Franchising, LLC (collectively "IHG") will take the oral deposition of a corporate representative of Defendant Asam Hotels Inc. ("Asam") through one or more officers, directors, managing agents, or other persons who Asam shall designate to testify on its behalf with respect to the matters set forth in Exhibit A attached hereto. The deposition shall commence at 9:00 am CT on February 26, 2026 at the offices of Bradley Arant Boult Cummings LLP, 600 Travis Street Suite 5600, Houston, TX 77002.

The deposition will be conducted under oral examination before an officer authorized to administer oaths and pursuant to Federal Rules of Civil Procedure 28 and 30. The deposition will be recorded by video and stenographic means and will continue from day to day with such adjournments as to time and place that may be necessary, until completed. The deposition is being taken for the purpose of discovery, for use at trial, and/or for such other purposes as are permitted under the applicable rules.

Asam is hereby directed, pursuant to Fed. R. Civ. P. 30(b)(6), to designate one or more employees, officers, directors, managing agents, or other persons who are knowledgeable or consent to testify on its behalf with respect to each of the subjects set forth in Exhibit A hereto.

Respectfully submitted this 13th day of February, 2026.

*/s/ Anne Horn Baroody*
Ronald T. Coleman, Jr.
Georgia Bar No. 177655
Anne H. Baroody
Georgia Bar No. 475569
Skylar D. Williams
Georgia Bar No. 418478

Bradley Arant Boult Cummings LLP
1230 Peachtree Street NE, 21st Floor
Atlanta, Georgia 30309

*Counsel for Plaintiffs Six Continents Hotels, Inc. and Holiday Hospitality Franchising, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the within and foregoing **NOTICE OF DEPOSITION OF ASAM HOTELS INC. PURSUANT TO RULE 30(B)(6)** by sending a copy of same via US mail and e-mail to counsel of record as follows:

> Ian E. Smith, Esq.
> Spire Law PLLC
> 2572 W State Rd 426
> Suite 2088
> Oviedo, FL 32765
> Tel: 407-494-0135
> ian@spirelawfirm.com

This 13th day of February, 2026.

*/s/ Anne Horn Baroody*

## EXHIBIT A: TOPICS

1.      Asam's formation, organizational structure, ownership, officers, directors, and decision-makers, including any changes in ownership or control during the term of the License Agreement and thereafter.

2.      The negotiation, execution, and entry into the License Agreement and any amendments, modifications, or extensions thereto.

3.      Asam's performance under and compliance or non-compliance with the License Agreement, including but not limited to all financial obligations arising thereunder.

4.      Asam's financial defaults under the License Agreement, including the timing, nature, and amounts of any defaults.

5.      Any forbearance agreements, extensions, or other accommodations between Asam and IHG, including the nature and terms of such agreements, and Asam's compliance or non-compliance therewith.

6.      The calculation, accrual, and payment or non-payment of System Fees and any other amounts owed under the License Agreement, including amounts previously unpaid, amounts currently unpaid, the timing of payments made, and the calculation of any outstanding balances.

7.      Any dispute by Asam regarding amounts claimed due under the License Agreement, including the factual and financial basis for such dispute and the

4

calculation of any amounts Asam contends were owed or paid.

8. Asam's ownership, operation, management, supervision, or control of the Hotel located at 908 West G. Street, La Porte, Texas, including the time periods of such involvement and the allocation of operational responsibilities among Defendants.

9. Asam's use, display, advertising, marketing, online listing, or other exploitation of the HOLIDAY INN EXPRESS Marks after October 1, 2024, including the duration, manner, scope, and any revenues generated during such period.

10. All efforts undertaken to de-identify the Hotel following expiration of the License Agreement, including the timing of each step taken and the date on which Asam contends the Hotel was fully de-identified.

11. The Hotel's financial performance from execution of the License Agreement through the present, including monthly gross rooms revenue, net revenue, profit and loss, occupancy, booking sources, capital contributions, distributions, financial statements, balance sheets, general ledgers, tax filings, internal financial analyses, and all revenue generated from continued operations after termination.

12. Customer complaints, guest feedback, safety issues, and any other quality issues at the Hotel from October 1, 2024 to the time the Hotel was fully de-

identified.

13.    Correspondence between Asam, or any representative on behalf of Asam, and IHG, or any representative of IHG, relating to or following expiration of the License Agreement.

14.    All documents produced by Asam in response to Plaintiffs' First Requests for Production for Documents.

# **Exhibit D**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SIX CONTINENTS HOTELS, INC. and HOLIDAY HOSPITALITY FRANCHISING, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No.: 1:25-cv-02502-TWT |
| v. | ) ) ) | |
| ASAM HOTELS INC., ASPEN HOTELS LLC, SIKANDAR A. MALIK, and SARAH MALIK, | ) ) ) ) ) | |
| Defendants. | | |

**NOTICE OF DEPOSITION OF ASPEN HOTELS LLC**
**PURSUANT TO RULE 30(B)(6)**

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiffs Six Continents Hotels, Inc. and Holiday Hospitality Franchising, LLC (collectively "IHG") will take the oral deposition of a corporate representative of Defendant Aspen Grand Hotels LLC ("Aspen") through one or more officers, directors, managing agents, or other persons who Aspen shall designate to testify on its behalf with respect to the matters set forth in Exhibit A attached hereto. The deposition shall commence at 9:00 am CT on February 27, 2026 at the offices of Bradley Arant Boult Cummings LLP, 600 Travis Street Suite 5600, Houston, TX 77002.

1

The deposition will be conducted under oral examination before an officer authorized to administer oaths and pursuant to Federal Rules of Civil Procedure 28 and 30. The deposition will be recorded by video and stenographic means and will continue from day to day with such adjournments as to time and place that may be necessary, until completed. The deposition is being taken for the purpose of discovery, for use at trial, and/or for such other purposes as are permitted under the applicable rules.

Aspen is hereby directed, pursuant to Fed. R. Civ. P. 30(b)(6), to designate one or more employees, officers, directors, managing agents, or other persons who are knowledgeable or consent to testify on its behalf with respect to each of the subjects set forth in Exhibit A hereto.

Respectfully submitted this 13th day of February, 2026.

*/s/ Anne Horn Baroody*
Ronald T. Coleman, Jr.
Georgia Bar No. 177655
Anne H. Baroody
Georgia Bar No. 475569
Skylar D. Williams
Georgia Bar No. 418478

Bradley Arant Boult Cummings LLP
1230 Peachtree Street NE, 21st Floor
Atlanta, Georgia 30309

*Counsel for Plaintiffs Six Continents Hotels, Inc. and Holiday Hospitality Franchising, LLC*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the within and foregoing **NOTICE OF DEPOSITION OF ASPEN HOTELS LLC PURSUANT TO RULE 30(B)(6)** by sending a copy of same via US mail and e-mail to counsel of record as follows:

> Ian E. Smith, Esq.
> Spire Law PLLC
> 2572 W State Rd 426
> Suite 2088
> Oviedo, FL 32765
> Tel: 407-494-0135
> ian@spirelawfirm.com

This 13th day of February, 2026.

*/s/ Anne Horn Baroody*

3

## EXHIBIT A: TOPICS

1.      Aspen's formation, organizational structure, ownership, membership interests, managers, officers, decision-makers, and all parent, subsidiary, affiliated, or upstream entities, including any changes in ownership, control, or management at any time relevant to this action.

2.      Aspen's ownership, operation, management, supervision, control, or involvement in the Hotel located at 908 West G. Street, La Porte, Texas, including but not limited to the identity of all persons or entities involved, the time periods of such involvement, and the allocation of operational responsibilities.

3.      Aspen's use, display, advertising, marketing, online listing, or other exploitation of the HOLIDAY INN EXPRESS Marks after October 1, 2024, including the duration, manner, scope, and any revenues generated during such period.

4.      All efforts undertaken to de-identify the Hotel following expiration of the License Agreement, including but not limited to removal of signage, branded materials, digital listings, and third-party platform references; the timing of each such action; the individuals involved; and the date Aspen contends the Hotel was fully de-identified.

5.      The financial performance of the Hotel from October 1, 2024 to present, including but not limited to gross rooms revenue, net revenue, profit and loss,

occupancy, booking sources, capital contributions, distributions, financial statements, balance sheets, general ledgers, tax filings, and internal financial analyses, and all revenue generated from continued operations after termination.

6.    Customer complaints, guest feedback, safety issues, and any other quality issues at the Hotel from October 1, 2024 to the time the Hotel was fully de-identified.

7.    Correspondence between Aspen, or any representative on behalf of Asam, and IHG, or any representative of IHG, relating to or following expiration of the License Agreement.

8.    All documents produced by Aspen in response to Plaintiffs' First Requests for Production for Documents.

# **Exhibit E**

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |
|---|---|
| SIX CONTINENTS HOTELS, INC. and HOLIDAY HOSPITALITY FRANCHISING, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ASAM HOTELS INC., ASPEN HOTELS LLC, SIKANDAR A. MALIK, AND SARAH MALIK, <br><br> Defendants. | CASE NO.: 1:25-CV-02502-TWT |

## <u>RULE 5.4 CERTIFICATE OF SERVICE</u>

Pursuant to Local Rule 5.4, Plaintiffs Six Continents Hotels, Inc. and Holiday Hospitality Franchising, LLC ("Plaintiffs") give notice that on February 13, 2026, counsel for Plaintiffs served:

- ***NOTICE OF DEPOSITION OF DEFENDANT SARAH MALIK***;

- ***NOTICE OF DEPOSITION OF DEFENDANT SIKANDAR A. MALIK***;

- ***NOTICE OF DEPOSITION OF ASAM HOTELS INC. PURSUANT TO RULE 30(B)(6)***; and

- *NOTICE OF DEPOSITION OF ASPEN HOTELS LLC PURSUANT TO RULE 30(B)(6)*

by US mail properly addressed to counsel of record for Defendants in this action and via electronic mail to counsel as set forth below:

Ian E. Smith, Esq.
Spire Law PLLC
2572 W State Rd 426, Suite 2088
Oviedo, FL 32765
Email: ian@spirelawfirm.com

Respectfully submitted this 13th day of February, 2026.

**BRADLEY ARANT BOULT CUMMINGS LLP**

/s/      *Anne Horn Baroody*
Ronald T. Coleman, Jr.
Georgia Bar No. 177655
Anne Horn Baroody
Georgia Bar No. 475569
Skylar D. Williams
Georgia Bar No. 418478

Bradley Arant Boult Cummings LLP
1230 Peachtree Street NE, 21st Floor
Atlanta, Georgia 30309
rtcoleman@bradley.com
abaroody@bradley.com
swilliams@bradley.com

*Counsel for Plaintiffs Six Continents Hotels, Inc. and Holiday Hospitality Franchising, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **RULE 5.4 CERTIFICATE OF SERVICE** with the Clerk of the Court using the CM/ECF system which will automatically send an electronic copy to all counsel of record as follows:

Ian E. Smith, Esq.
Spire Law PLLC
2572 W State Rd 426
Suite 2088
Oviedo, FL 32765
ian@spirelawfirm.com

This 13th day of February, 2026.

/s/     *Anne Horn Baroody*
Anne Horn Baroody